W. B. HARMON, Petitioner,

v.

SOHIO PIPELINE COMPANY,
Respondent.

No. C–306.

Supreme Court of Texas.

Nov. 12, 1981.

Wellborn, Houston, Bailey, Perry & Adkinson, Blake Bailey, Henderson, for petitioner.

Nichols, Merriman, Patterson & Allison, Stephen R. Patterson and Rex A. Nichols, Longview, for respondent.

BARROW, Justice.

W. B. Harmon brought this suit against Sohio Pipeline Company to recover for damages to Harmon's land caused by an oil spill. The oil spill occurred as the result of the failure of a gasket on a valve on Sohio's pipeline. The trial court rendered judgment for Harmon on the jury verdict.[1] The court of civil appeals concluded that there was insufficient evidence as to Sohio's negligence. It reversed the trial court judgment and remanded the cause for a new trial. 613 S.W.2d 577. Only Harmon has filed an application for writ of error. We reverse the judgment of the court of civil appeals and remand the cause to that court.

It is well settled that this Court does not have jurisdiction to review the question of factual insufficiency of the evidence. See Tex.Const. art. V, § 2; Tex. Rev.Civ.Stat.Ann. art. 1728; *Tippett v. Brannon*, 493 S.W.2d 511 (Tex.1973); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Texas L.Rev. 361 (1960). We do, however, possess jurisdic-

---

1. The jury found substantially as follows:

(1) The oil spill in question was due to the *negligence* of Sohio's agents, servants or employees;

(2) such negligence was a proximate cause of the damage to Harmon's land;

(3) the damage to the Harmon property was temporary; and

(4) the reasonable cost of repairs to restore Harmon's property was $15,000.

tion to determine whether the court of civil appeals applied the proper rules of law in reaching its conclusion. *Puryear v. Porter*, 153 Tex. 82, 264 S.W.2d 689 (1954).

Harmon asserts by two points of error that the court of civil appeals erred in its application of the doctrine of *res ipsa loquitur*. Specifically, Harmon asserts that the doctrine was determinative of the negligence issue because there was no evidence offered by Sohio to rebut the inference of negligence and that the court of civil appeals erred in requiring evidence of specific acts of negligence in addition to the inference invoked by application of the *res ipsa* doctrine.

Harmon owned a 65-acre tract of land in Rusk County that was crossed by a Sohio pipeline which transported crude oil from field gatherings to a refinery. In 1978 the gasket on a scrapper valve on the pipeline failed and a large quantity of crude oil spilled onto and over Harmon's land. Sohio, through its district supervisor, immediately assumed responsibility for the spill and began clean-up operations. Sohio employees worked on the operation for more than three months and Sohio spent $43,800 in attempting to remove all of the crude oil and its residue. Nevertheless, Harmon did not believe the oil residue was satisfactorily removed and filed this suit.

The evidence at the trial primarily related to the question of whether Sohio had removed all of the oil residue and the extent of the damages, if any, sustained by Harmon. There was little evidence regarding the cause of the oil spill. Sohio's district supervisor conceded that the gasket on the valve had failed. He further admitted that the gaskets must be replaced from time to time and that this one had deteriorated before it was replaced. He qualified this answer, however, by stating that the word "deterioration" was academic. He admitted that there was a malfunction in the gasket. Sohio offered no evidence to explain the cause of the gasket malfunction or failure.

There was no objection by Sohio to the trial court's inclusion of an instruction on *res ipsa loquitur* in the charge to the jury. Although the court of civil appeals did not directly hold that the *res ipsa* doctrine applied, it assumed that the doctrine was applicable. Nevertheless, it held that the evidence was factually insufficient to support the jury finding of negligence because there was no evidence of improper inspection or maintenance or that Sohio deviated from the standard of care within the pipeline industry as to the maintenance of the pipeline. Harmon urges, and we agree, that assuming the proper application of the *res ipsa* doctrine, there was no necessity for Harmon to introduce evidence of specific acts of negligence.

The proper use of the *res ipsa* doctrine was set forth by this Court in *Mobil Chemical Co. v. Bell*, 517 S.W.2d 245 (Tex.1974). We said that the doctrine is applicable when two factors are present: (1) the character of the accident is such that it would not ordinarily occur in the absence of negligence; and (2) the instrumentality causing the injury is shown to have been under the management and control of the defendant. Both of these factors were shown in this case. The pipeline was admittedly under the management and control of Sohio. The uncontradicted testimony of Sohio's district supervisor established that the spill occurred as the result of malfunction or failure of the gasket on the valve. Sohio made no attempt to justify or excuse such malfunction or failure. To the contrary, it freely assumed responsibility for the oil spill and expended much time and money in an effort to clean up the property. At no time did it deny this recognized responsibility.

The court of civil appeals properly held that in Texas the doctrine of *res ipsa loquitur* is simply a rule of evidence whereby negligence may be inferred upon proof of the two requisite factors. *Mobil Chemical Co. v. Bell, supra.* The following language, quoted in the *Mobil* opinion, elaborates on the nature of a *res ipsa* inference:

> [R]es ipsa loquitur means that the facts of the occurrence warrant the inference of negligence, not that they compel such

inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict.

*Mobil Chemical Co. v. Bell, supra* at 251, quoting *Sweeney v. Erving,* 228 U.S. 233, 240, 33 S.Ct. 416, 418, 57 L.Ed. 815, 819 (1913); see Morris, *Res Ipsa Loquitur in Texas,* 26 Texas L.Rev. 761, 768–775 (1948). Thus, the question of factual sufficiency of the evidence was not foreclosed by Harmon's proffer of *res ipsa loquitur* evidence. The court erred, however, in holding that Harmon was required to then go further and offer evidence of specific acts of negligence. Proof as to the elements of *res ipsa loquitur,* as supplied by Harmon, was aimed at the establishment of Sohio's negligence. Such evidence raised an inference that Harmon's damage was caused by Sohio's negligence regardless of specific evidence describing Sohio's conduct. *See* Morris, *Res Ipsa Loquitur in Texas,* 26 Texas.L.Rev. 257, 258–59 (1948).

We hold that the court of civil appeals misapplied the effect of the *res ipsa loquitur* doctrine in arriving at its conclusion that the evidence was factually insufficient to support a finding of negligence. Since we do not have jurisdiction over Sohio's point of error complaining that the evidence was factually insufficient, we must remand the cause to the court of appeals for determination of this point under the correct standard. *Gill v. State,* 531 S.W.2d 322 (Tex.1975).

The judgment of the court of civil appeals is reversed and the cause is remanded to that court for further proceedings consistent with this opinion.