## SOHIO PIPELINE CO.

v.

## W. B. HARMON.

### No. 1395.

Court of Appeals of Texas, Tyler.

Dec. 31, 1981.

Rehearing Denied Feb. 4, 1982.

Stephen R. Patterson, Longview, for appellant.

Blake Bailey, Tyler, Rex Houston, Henderson, for appellee.

McKAY, Justice.

This cause has been remanded to us for further consideration. The specific question we address is whether the evidence in this case is factually sufficient to support the jury finding of negligence.

This is a suit for damage to land. W. B. Harmon (Harmon) alleged that Sohio Pipeline Company (Sohio) negligently allowed one of its pipelines carrying crude oil to deteriorate, resulting in crude oil and salt spilling over Harmon's land. By trial amendment Harmon alleged *res ipsa loquitur*. Sohio generally denied all of Harmon's allegations, and after a jury trial, the trial court rendered judgment for Harmon for $15,000. Sohio appealed. Our former opinion is reported at 613 S.W.2d 577. The Supreme Court remanded the cause to this court to determine the factual sufficiency of the evidence with the proper application of the effect of the *res ipsa loquitur* doctrine. 623 S.W.2d 314 (Tex.1981).

Our task is to apply the *res ipsa loquitur* doctrine and determine whether the evidence in the record is sufficient to support the jury finding that the leakage of oil from the pipeline was due to the negligence of Sohio, its agents, servants or employees.

 *Res ipsa loquitur* applies when two factors are present: (1) the instrumentality causing the injury is shown to have been under the management and control of the defendant; and (2) the character of the accident is such that it would not ordinarily occur absent negligence. *Mobil Chemical Co. v. Bell*, 517 S.W.2d 245, 251 (Tex.1974). This doctrine furnishes circumstantial evidence of negligence where direct evidence of it may be lacking. It means that the facts of the occurrence warrant, but do not compel, an inference of negligence. *Mobil Chemical Co. v. Bell, supra.* The introduction of *res ipsa loquitur* evidence at trial does not preclude our review of whether that evidence is factually sufficient to support a jury finding of negligence. *Harmon v. Sohio Pipeline Co.*, 623 S.W.2d 314 (Tex. 1981).

It is undisputed that the pipeline was under Sohio's management and control. Accordingly, we focus upon the evidence concerning the second aspect of the *res ipsa loquitur* doctrine.

▪ The evidence shows the leakage onto Harmon's land occurred because a gasket failed on a relief valve of the Sohio pipeline. The Sohio district supervisor in charge of cleaning up Harmon's land testified that the gasket malfunction resulted in the spill, but did not state the cause of the malfunction. Sohio began clean up operations immediately after the oil spill, and although Sohio's district supervisor admitted Sohio had a responsibility or moral obligation to clean up the oil, he did not testify Sohio was at fault.

Additional evidence came from Mrs. Harmon's testimony. Mrs. Harmon repeated statements she claimed Sohio employees made to her. She testified that Sohio's district supervisor showed her the relief valve, stated that it was old and evidently had burst, and told her "that it was their (Sohio's) responsibility . . . and they would take care of it." She also stated that a Sohio foreman "said—he showed us this valve and said that it burst and broke, and the oil was spurting out all over."

Mrs. Harmon's testimony discussed only the failure of the relief valve. She did not testify concerning the failure of the gasket, which was the specific cause of the spill. We believe, however, in light of the *res ipsa loquitur* instruction, that her testimony, when considered in conjunction with the Sohio district supervisor's testimony, presented sufficient evidence to support the jury finding of negligence.

Accordingly, we affirm the judgment of the trial court.