Pair Lee NEVAUEX, et vir, Appellants,

v.

**PARK PLACE HOSPITAL, INC. et al., Appellees.**

No. 09 82 080 CV.

Court of Appeals of Texas, Beaumont.

June 16, 1983.

Rehearing Denied Aug. 10, 1983.

**924**

san Gotcher, Dr. Harvey Randolph, and Dr. David H. Boals, for radiation burns she sustained from cobalt therapy for the treatment of uterine bleeding.

The record reflects that Nevauex was hospitalized in March of 1976 by her family doctor, Dr. Randolph, for assorted medical problems which included uterine bleeding. Dr. Randolph felt that the best medical treatment for his patient was a D & C or curetment, a surgical procedure whereby the wall of the uterus is scraped; so he referred Pair Lee to a surgeon. After the surgery Pair Lee's bleeding reoccurred, and Dr. Randolph then recommended cobalt therapy as a possible treatment for the condition; the patient was referred to a specialist in the field of radiology, Dr. David H. Boals. Pair Lee submitted to cobalt therapy under the direction of Dr. Boals at Park Place Hospital. Dr. Randolph testified that at least a month after Nevauex's last treatment session conducted under Dr. Boals' direction, he saw the patient who complained of injury and referred her back to Dr. Boals. The wound required plastic surgery. Dr. Boals testified that plaintiff's injury resulted from his miscalculation of the cobalt dosage to be administered to the patient. The cobalt source had been changed shortly before the tragic event in question, and, although Dr. Boals was aware of this change, he inadvertently used the wrong set of figures in computing Pair Lee's cobalt dosage, based on the older source potency information.

Plaintiffs and Dr. Boals settled all claims against Dr. Boals for $125,000, and he was removed from the suit. Plaintiffs bring this appeal on thirty-six points of error from a jury finding of no liability against the remaining defendants: Park Place Hospital, the institution where the therapy in question was administered to Pair Lee Nevauex; Dr. Harvey Randolph, Pair Lee Nevauex's general practitioner; and Susan Gotcher, the technician who administered the treatments to Pair Lee Nevauex as prescribed by Dr. David H. Boals. The

John H. Holloway, Houston, for appellants.

Robert J. Swift, Fulbright & Jaworski, Houston, Thomas F. Rugg, Provost, Umphrey, McPherson & Swearingen, Port Arthur, for appellees.

DIES, Chief Justice.

Plaintiffs below, Pair Lee Nevauex and her husband, sued Park Place Hospital, Su-

parties herein will be referred to as they were below, or by name.

■ We will generally group plaintiffs' points of error as they have done in their brief. The first group concerns the "informed consent" requirement. Our Supreme Court has held that physicians and surgeons "have a duty to make a reasonable disclosure to a patient of risks that are incident to a medical diagnosis and treatment" to enable the patient to exercise an informed consent. *Wilson v. Scott,* 412 S.W.2d 299, 301 (Tex.1967). The trial court in the case at bar granted a special exception striking from plaintiffs' petition an allegation that Park Place Hospital, and the cobalt technician, Susan Gotcher, had failed to secure plaintiffs' informed consent to the procedure. In this, we think the trial court was correct. In *Weiser v. Hampton,* 445 S.W.2d 224, 231 (Tex.Civ.App.—Houston [1st Dist.] 1969, writ ref'd n.r.e.), it is stated that the duty of securing the patient's informed consent rests on the doctor treating the patient. Therefore, neither the hospital defendant, nor the technician defendant owed such a duty to plaintiffs.

■ Plaintiffs also object to the definition of "informed consent" given by the court and the refusal of several of their own submissions. The court's definition was "[i]nformed consent means such consent as would be given by a patient to whom the risks incident to treatment by radiation therapy have been disclosed to the patient by a general practitioner of ordinary prudence, under the same or similar circumstances." We believe this definition adequately tracks *Tex.Civ.Code Ann. art. 4590i § 6.02* (Vernon Supp.1982–1983). Furthermore, we doubt the trial court was required to define the term. A definition is not required for a term used in an instruction where the language has a clear and common meaning. *Steinberger v. Archer County,* 621 S.W.2d 838, 841 (Tex.App.— Fort Worth 1981, no writ); *Holmes v. Holmes,* 588 S.W.2d 674, 675 (Tex.Civ.App.

—Beaumont 1979, no writ); *Union Oil Co. of California v. Richard,* 536 S.W.2d 955, 957–958 (Tex.Civ.App.—Beaumont 1975, no writ). These points of error are overruled.

■ Plaintiffs' next group of points of error complains of the trial court's action in granting hospital's and Gotcher's (the technician) exception to plaintiffs' pleading of "res ipsa loquitur." As a general rule "res ipsa loquitur" is not applicable in medical malpractice cases. *Pekar v. St. Luke's Episcopal Hospital,* 570 S.W.2d 147, 150 (Tex.Civ.App.—Waco 1978, writ ref'd n.r. e.); *Williford v. Banowsky,* 563 S.W.2d 702, 705–706 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.); *Forney v. Memorial Hospital,* 543 S.W.2d 705, 709 (Tex.Civ.App.—Beaumont 1976, writ ref'd n.r.e.). An exception exists where the nature of the act and injuries are plainly within the common knowledge of laymen, such as leaving a sponge in a surgical opening. *Roberson v. Factor,* 583 S.W.2d 818, 820 (Tex.Civ.App.— Dallas 1979, writ ref'd n.r.e.); *Pekar v. St. Luke's Episcopal Hospital,* supra; *Miller v. Hardy,* 564 S.W.2d 102, 104 (Tex.Civ.App.— El Paso 1978, writ ref'd n.r.e.); *Goodnight v. Phillips,* 418 S.W.2d 862, 868 (Tex.Civ. App.—Texarkana 1967, writ ref'd n.r.e.).

*Stinnett v. Price,* 446 S.W.2d 893 (Tex. Civ.App.—Amarillo 1969, writ ref'd n.r.e.), held that error, if any, in sustaining an exception to a plea of res ipsa is harmless, where the evidence establishes that the party raising the exception was not negligent in performing the action complained of. There are not findings of negligence against any of the defendants in this case.

■ In *Sohio Pipeline Co. v. Harmon,* 627 S.W.2d 498, 499 (Tex.Civ.App.—Tyler 1982, no writ), the court wrote: "This doctrine [res ipsa loquitur] furnishes circumstantial evidence of negligence *where direct evidence of it may be lacking.*" (Emphasis supplied.) In the case at bar, we have direct evidence of negligence. These points are overruled.

Plaintiffs' next group of points complains of the trial court's action in sustaining hos-

pital's exception to allegations of strict liability and implied warranty.

 The hospital and Ms. Gotcher are not liable under the doctrine of strict liability because the radiation service supplied by defendants was a service, not a product. Strict liability does not apply to defective services as opposed to defective products.

In *Langford v. Kraft,* 551 S.W.2d 392, 396 (Tex.Civ.App.—Beaumont, 1977) affirmed, 565 S.W.2d 223 (Tex.1978), we find:

> "In his law review article entitled 'Strict Tort Liability in Texas', 11 Houston L.Rev. 1043, 1066 (1974), the author (James B. Sales) tersely states the rule of *Barbee v. Rogers* [425 S.W.2d 342 (Tex. 1968)]: 'The concept of strict liability [in tort] applies to defective products, but not to defective services.'"

But even if we assume radiation therapy is a product, the strict liability doctrine would not apply since it was "intimately and inseparably connected with the professional services rendered." *Thomas v. St. Joseph's Hospital,* 618 S.W.2d 791, 796 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ). In the *Thomas* case, the court held the hospital strictly liable for supplying a defective hospital gown because it was unrelated to the essential professional relationship. See *Vergott v. Deseret Pharmaceuticals Co.,* 463 F.2d 12 (5th Cir.1972); *LaRossa v. Scientific Design Co.,* 402 F.2d 937 (3rd Cir.1968); *Silverhart v. Mount Zion Hospital,* 98 Cal.Rptr. 187, 20 Cal.App.3d 1022 (1971); *Shivers v. Good Shepherd Hospital Inc.,* 427 S.W.2d 104 (Tex.Civ.App.—Tyler 1968, writ ref'd n.r.e.). Neither Park Place Hospital nor Ms. Gotcher are merchants in dispensing cobalt radiation under the Business and Commerce Code, *Tex.Bus. & Comm.Code Ann.* § *2.104(a)* (Vernon 1968); therefore, they are not liable for breach of any implied warranty.* *Tex.Bus. & Comm.Code Ann.* § *2.314* § *2.315* (Vernon 1968).

Plaintiffs' next points urge error in the trial court's action of sustaining exceptions to allegations of fraud and gross negligence. Even if this be error, it was harmless because plaintiffs were permitted to introduce evidence on the subject. *Gibbs v. Wheeler,* 306 S.W.2d 929, 932 (Tex.Civ.App. —Austin 1957, writ ref'd n.r.e.); *Byars v. Johnson,* 213 S.W.2d 294, 296–297 (Tex.Civ. App.—Eastland 1948, writ ref'd n.r.e.). These points are overruled.

Plaintiffs have a point complaining of the exclusion by the trial court of evidence of a previous burn to another patient. Ordinarily evidence of other acts or transactions such as this would be inadmissible under the doctrine of "res inter alios acta." The circumstances of the previous burn are not the same as plaintiff's: that patient was being treated for cancer and was given a higher dosage of rads. See *Missouri Pac. R. Co. v. Cooper,* 563 S.W.2d 233 (Tex.1978). This point is overruled.

Plaintiffs have other points which we find without merit, and they are overruled.

The judgment of the trial court is affirmed.

AFFIRMED.

---

* A hospital in some situations may well be a merchant. See *Providence Hospital v. Truly,* 611 S.W.2d 127 (Tex.Civ.App.—Waco 1980, writ dism'd).