Mildred A. **RITTER**, as next friend of Florence R. Bain, Appellant,

v.

Dr. Peyton **DELANEY** and Southwest Texas Methodist Hospital, Appellees.

No. 04–89–00278–CV.

Court of Appeals of Texas, San Antonio.

March 30, 1990.

Rehearing Denied May 22, 1990.

R. Robert Willman, Jr., San Antonio, for appellant.

J. Mark Craun, Stephan B. Rogers, Akin, Gump, Strauss, Hauer & Feld, Thomas Crofts, Jr., Ruth E. Greenfield, Jo Reser,

Groce, Locke & Hebdon, San Antonio, for appellees.

Before CADENA, C.J., and CHAPA and BIERY, JJ.

## ON APPELLANT'S MOTION FOR REHEARING

CHAPA, Justice.

Appellant's motion for rehearing is denied. However, the opinion of this court issued on February 7, 1990, is withdrawn, and this opinion is substituted therefor.

This is an appeal from summary judgments granted in favor of the appellees. Appellant Mildred A. Ritter, as next friend of Florence R. Bain, filed a medical malpractice action against Southwest Texas Methodist Hospital, Dr. Peyton Delaney and Dr. Larry Manning for complications arising from a carotid endarterectomy, a procedure developed to increase blood supply to the brain, performed on Bain. Both the hospital and Delaney successfully argued in their motions for summary judgment that they had no duty to obtain the informed consent of the patient, as this duty belongs to the physician performing the procedure.

■ Although several complaints were urged by the appellant in her brief, in oral argument before this court, appellant abandoned all error except the issue of whether the hospital and Dr. Delaney had the duty to obtain the informed consent of the patient.

In Texas, a doctor must secure the authority or consent of his patient in order to legally perform medical procedures. Doctors generally have a duty to make reasonable disclosures to their patients of the risk of medical treatment. This duty is based on the right of every normal adult to determine what shall be done to his own body. Where the doctor has failed to reasonably inform his patient of the risks, the patient is unable to intelligently arrive at a decision regarding the treatment. Thus, the doctor is said to have failed to obtain the patient's informed consent for the medical procedure. *Wilson v. Scott*, 412 S.W.2d 299 (Tex.1967); *Anderson v. Hooker*, 420 S.W.2d 235 (Tex.Civ.App.—El Paso 1967, writ ref'd n.r.e.); *See generally;* Purdue, *Medical Malpractice—Cause of action*, 11 Hous.L.Rev. 2, 10 (1973). *Johnson v. Whitehurst*, 652 S.W.2d 441, 444 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.).

"A cause of action for the failure of a doctor to fully inform a patient of the risks of surgery is a negligence cause of action." *McKinley v. Stripling*, 763 S.W.2d 407, 409 (Tex.1989). Recovery for such a cause of action is governed by the Medical Liability and Insurance Improvement Act. *McKinley* at 409. The provision of the act relating to informed consent actions provides:

> In a suit against a physician or health care provider involving a health care liability claim that is based on the failure of the physician or health care provider to describe or adequately to disclose the risks and hazards involved in the medical care or surgical procedure rendered by the physician or health care provider, the only theory on which recovery may be obtained is that of negligence in failing to disclose the risks or hazards that could have influenced a reasonable person in making a decision to give or withhold consent.

TEX.REV.CIV.STAT.ANN. art. 4590i § 6.02 (Vernon Supp.1989).[1]

"It is clear from the language of the statute that an action alleging a failure to obtain informed consent is a suit based on negligence." *McKinley* at 409. As such, a finding of a duty, a breach of that duty, proximate causation and damages are required to satisfy traditional notions of liability. *Id.,* citing W. KEETON, PROSSER & KEETON ON TORTS § 30 (5th ed. 1984). "The right of recovery for injury resulting from negligence of a defendant is based on the violation of a duty toward plaintiff. When no duty exists, no legal liability can arise on account of negligence." *Dotson v. Alamo Funeral Home,*

---

1. Hereinafter referred to as § 6.02 of the Act.

577 S.W.2d 308, 311 (Tex.Civ.App.—San Antonio 1979, no writ), citing *McCall v. Marshall*, 398 S.W.2d 106 (Tex.1965); *Denison Light & Power Co. v. Patton*, 105 Tex. 621, 154 S.W. 540 (1913).

Faced with abandonment of all other errors by the appellant, the sole issue before us is whether the hospital and Dr. Delaney had the duty to obtain the informed consent of the patient. In *Johnson v. Whitehurst*, 652 S.W.2d 441, the appellant brought a malpractice action against an internist who recommended surgery and the surgeon who eventually performed the surgery. The appellant alleged that both the internist and the surgeon had a shared duty to apprise the appellant of the alternatives and complications of the surgery. In affirming the trial court's take nothing judgment, the court of appeals concluded that it would be unreasonable to place a burden of disclosure upon each specialist involved in a surgical procedure, as to the methods intended to be used and all of the possible risks involved in each step of an operation. *Johnson* at 445. The court held that because a referring physician did not participate in the surgery, "he had no duty to inform the appellant of the possible risks and complications involved in the operation." *Johnson*, 652 S.W.2d at 445.

The holding of *Johnson* is further supported by a careful reading of the Act:

In a suit against a physician or health care provider involving a ... claim that is based on the failure ... to disclose or adequately to disclose the risks and hazards involved in the medical care or surgical procedure *rendered by the physician or health care provider ...*

§ 6.02 of the Act (emphasis added). Because Dr. Delaney had no duty to obtain the informed consent of the patient, the summary judgment was proper as to Dr. Delaney.

Appellant further argues that appellee Southwest Texas Methodist Hospital was negligent in failing to obtain Bain's informed consent, insisting on her interpretation of § 6.02 of the Act. We disagree.

In *Nevauex v. Park Place Hosp., Inc.*, 656 S.W.2d 923 (Tex.App.—Beaumont 1983, writ ref'd n.r.e.), the appellants filed suit against the referring physician, radiologist, radiation technician and hospital for injuries she sustained from cobalt therapy. The trial court granted special exceptions striking from appellants' petition an allegation that the hospital had failed to secure the appellants' informed consent to the procedure. In upholding the trial court, the court of appeals recognized that the duty of securing the patient's informed consent rests on the doctor treating the patient. *Nevauex* at 925, citing *Weiser v. Hampton*, 445 S.W.2d 224, 231 (Tex.Civ.App.—Houston [1st Dist.] 1969, writ ref'd n.r.e.). As a result, the court held that the hospital had no duty to secure the patient's informed consent. *Nevauex* at 925. We agree.

Here, as in *Nevauex*, which considered § 6.02 of the Act in its decision, we recognize that it is the duty of the treating physician, and not the hospital, to secure the informed consent of the patient. *See Nevauex v. Park Place Hosp.*, 656 S.W.2d 923, 925 (Tex.App.—Beaumont 1983, writ ref'd n.r.e.); *Johnson v. Whitehurst*, 652 S.W.2d 441, 445 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *Forney v. Memorial Hosp.*, 543 S.W.2d 705, 707 (Tex.Civ.App.—Beaumont 1976, writ ref'd n.r.e.); *Ross v. Sher*, 483 S.W.2d 297, 301 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.); *Weiser v. Hampton*, 445 S.W.2d 224, 231 (Tex.Civ.App.—Houston [1st Dist.] 1969, writ ref'd n.r.e.).

In her response to the motion for summary judgment, appellant also alleged that the appellee hospital "became the agent of defendant Dr. Larry Manning when Dr. Manning ordered the nurse to have the patient sign a permit and when the hospital's employee solicited plaintiff's signature on the hospital's alleged consent form." Appellant then asserts that "[t]he alleged consent form is insufficient on its face" and "[t]hat all creates a fact issue as to informed consent."

Further, appellant contended in her response to the summary judgment that "a fact issue exists as to informed consent because if, for argument's sake, only the physician was to obtain the patient's con-

**32** 

sent, then the alleged informed consent in this case was voided because the hospital, through its vice-principals, agents, and employees, took on *a non-delegable duty* from the physician and tried to solicit the patient's consent for the carotid endarterectomy." (emphasis added)

Appellant bases her agency contention entirely upon three items: 1) A notation in the medical records of the hospital by Dr. Manning which reads "Have patient sign permit "Left carotid endarterectomy"; 2) A notation in the medical records of the hospital by Dr. Manning which reads "Operative permit is to be signed"; and 3) A Southwest Texas Methodist Hospital consent to operate form signed by the patient, which, among other things, specifically provided an authorization and request of the patient that Dr. Manning and associates of his choice perform a left carotid endarterectomy on her, and provided that the patient's "physician ha[d] explained to [her] the nature of the procedures to be performed, the possible risks, discomforts and complications, the outcome hoped for, and the alternative treatments or procedure available. Further, it provided that [the physician] answered all questions [she] may have [had] concerning the procedures" and that the patient was "aware that the practice of medicine and surgery is not an exact science, and [that she] acknowledged that *no guarantees have been made to [her] as to the results of the operation or procedure*".

Although it is the unanimous recollection of this panel that appellant abandoned in oral argument all her complaints except the contention that the hospital and Dr. Delaney had a duty to obtain the informed consent of the patient, appellant denies intending to waive the agency assertion. In the interest of justice, we will address the issue.

 Thus, the question before this court now is whether appellant has sufficiently raised an issue of fact by her agency allegations in her response to the motion for summary judgment and the items she relies on, which would impose a duty upon the hospital to obtain the informed consent of the patient. Appellant argues that her agency allegations in her response to the motion for summary judgment raise a fact issue which would impose a duty upon the hospital to obtain the informed consent of the patient. Appellant erroneously suggests that the hospital became the agent of Dr. Manning simply because "Dr. Manning ordered the nurse to have the patient sign a [hospital] permit [to operate]." Dr. Manning merely ordering the nurse to have the patient sign the hospital permit to operate does not make the hospital the agent of Dr. Manning, and it certainly does not impose upon the hospital the duty of obtaining the informed consent of the patient.

Appellant erroneously suggests that because the nurse became a borrowed servant from the hospital, the hospital somehow assumed the duty of obtaining the informed consent of the patient. For the nurse to become a borrowed servant, it would require the showing that the hospital relinquished control of the nurse to Dr. Manning. *Sparger v. Worley Hospital, Inc.*, 547 S.W.2d 582, 583 (Tex.1977). We fail to see how the hospital relinquishing control of the nurse to Dr. Manning would impose any duty upon the hospital to obtain the informed consent of the patient.

We also fail to see how Dr. Manning ordering the nurse to have the patient sign a hospital permit to operate amounts to the appellee hospital taking on a *non-delegable duty from the physician*, thereby imposing a duty upon the hospital to obtain the informed consent of the patient; especially when the permit itself specifically states that the *patient's physician* has explained to her everything about the procedure, has answered all the patient's questions, and has guaranteed nothing.

Thus, appellant has failed to raise a fact issue in her response which would impose a duty upon the hospital to obtain the informed consent of the patient. The point is rejected.

The judgment is affirmed.