Elinor Joan **URBAN**, Appellant,

v.

**SPOHN HOSPITAL and Donald Jackson, M.D., Appellees.**

No. 13–92–241–CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 28, 1993.

Rehearing Overruled Dec. 29, 1993.

Robert N. Carnahan, Corpus Christi, for appellant.

Carlos Villarreal, Hunt, Hermansen, McKibbon & Barger, Clay E. Coalson, Meredith, Donnell & Abernethy, Corpus Christi, for appellees.

1. Former Chief Justice, retired April 30, 1993.

Before SEERDEN, C.J., NYE[1] and GILBERTO HINOJOSA, JJ.

## OPINION

SEERDEN, Chief Justice.

This is a summary judgment case. Appellant sued Dr. Jackson and Spohn Hospital for injuries allegedly received when Dr. Jackson performed unauthorized surgery on her in Spohn Hospital. Appellees filed general denials and motions for summary judgments. Appellant filed answers to the motions for summary judgment. The trial court granted both summary judgments.

In her petition and in the affidavit filed in opposition to both summary judgments, appellant states that she contacted Dr. Jackson to remove a growth under the skin on her stomach and also to remove a small growth of skin, about the size of a pea, on or near her anus. She denied that she had ever requested or that the doctor had ever discussed surgery involving hemorrhoids. She denied that she had ever had any medical problem involving hemorrhoids.

In her affidavit, she stated that upon admission to the hospital she told the admitting nurse the procedures to be performed on her, and the nurse stated that, in addition to the stomach growth, a hemorrhoidectomy would be done. Appellant emphasized that no hemorrhoidectomy was to be done. On three other occasions, appellant was told by hospital personnel of the approaching hemorrhoid surgery, and she continued to deny that she was to have that procedure, even while being sedated. She admits that upon entering the hospital she signed a number of papers, some of which she thinks were blank forms. Apparently one of the forms was a consent form.

When appellant awoke from the surgery, the growth from her stomach had been removed, the growth near the anus was still there and a hemorrhoidectomy had been performed. She states that she has had substantial pain and physical problems as a result of the hemorrhoid surgery.

In his motion for summary judgment, Dr. Jackson attached his own affidavit which contains the necessary information to qualify him as a medical expert. It further states that he first saw appellant for "mass removal from the epigastric area." He stated she also complained of "an anal skin tag." He examined her and found, among other things, a large protruding hemorrhoid. He then admitted her to Spohn Hospital for surgery which included the hemorrhoidectomy. Dr. Jackson's affidavit then goes on to state: "After obtaining an informed consent, Ms. Urban was taken to the operating room and under general anesthesia," the various surgeries were performed.

Dr. Jackson advises that he is familiar with the standard of care applicable to the examinations, diagnoses and treatments of appellant and that what he did in these areas conformed to that standard. He also specifically denied that any of his examinations, diagnoses or treatments were negligent. No other summary judgment evidence was offered by Dr. Jackson.

For the standards we use in reviewing summary judgments, see *Medical Protective Co. v. Groce,* 814 S.W.2d 124, 127 (Tex. App.—Corpus Christi 1991, writ denied). In short, the burden is entirely on the proponent of the summary judgment to show it's appropriateness. Dr. Jackson argues that his affidavit shows by expert testimony that he caused no injury to Ms. Urban and was sufficient to establish the standard of care in this case.

■ Dr. Jackson's evidence concerning consent is conclusory. It fails to state how the consent was obtained, by whom, or exactly what information was given to appellant. Legal conclusions in a summary judgment affidavit are insufficient to establish the existence of a fact in support of the motion for summary judgment. *Mercer v. Daoran Corp.,* 676 S.W.2d 580, 583 (Tex.1984). If Dr. Jackson performed a hemorrhoidectomy on appellant without her knowledge or permission, it would not matter how successful it was. It was an intrusion upon her body without her consent. She needs no expert evidence to show this fact. Therefore, it is clear that a fact issue is presented concerning appellant's consent to the surgery.

Appellant's pleadings and affidavit state that prior to the surgery, she had no trouble with hemorrhoids, but since the surgery she has suffered severe pain and discomfort with her bowels.

■ Whether the surgery was necessary or successful is immaterial in this instance. In *Johnson v. Whitehurst,* 652 S.W.2d 441 at 444 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.), the court stated:

"In Texas, a doctor must secure the authority or consent of his patient in order to legally perform medical procedures.... This duty is based on the right of every normal adult to determine what shall be done to his own body."

Because a fact issue was created as to whether Dr. Jackson operated on appellant without obtaining her consent, it was error to grant a summary judgment in his favor in this case. Appellant's point of error is sustained as to Dr. Jackson.

Spohn Hospital contends it had no duty to obtain informed consent for any of the surgery; therefore the summary judgment was proper as to it.

■ *Ritter v. Delaney,* 790 S.W.2d 29 (Tex.App.—San Antonio 1990, writ denied), is similar to this case. In *Ritter* the patient contended that the wrong surgical procedure was performed on her. She contended that the hospital's nurse obtained the consent from her and therefore the hospital was liable. The Court, citing a number of Court of Appeals cases, held that the duty to obtain informed consent from a patient is a nondelegable duty of the treating physician. However, in our case, appellant alleges and offers evidence that when she protested to the hospital nurses that she did not want the hemorrhoidectomy and had not consented to it, the hospital staff failed to report this to the surgeon or to anyone in a supervisory position. A hospital may be held liable for its own negligence, which has been defined as "the doing of that which an ordinary prudent hospital ... in the exercise of ordinary care would not have done *under the same or similar circumstances." Birchfield v. Tex-*

*arkana Memorial Hosp.,* 747 S.W.2d 361, 366 (Tex.1987). Ordinary care is defined as "that degree of care that a hospital of ordinary prudence ... would have exercised *under the same or similar circumstances." Id.* Similarly, this Court has explained the burden on the plaintiff as:

> In a medical malpractice case against a hospital because of the acts or omissions of a nurse employed by the hospital, the burden is on the plaintiff to produce competent evidence of probative value of the relevant practice in the community in which the cause of action arose, and that the nurse deviated from such practice.

*Elizondo v. Tavarez,* 596 S.W.2d 667, 672 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.).

Appellant's pleadings stated a cause of action for negligence on the part of the hospital apart from the alleged failure to obtain consent. We cannot say as a matter of law that merely because the physician is ultimately responsible for obtaining consent for medical procedures, that a hospital is therefore totally insulated from liability for all acts relating to such procedures. Nor can we say that ordinary prudence would not require some inquiry by a nurse into the correctness of performing a surgical procedure over the direct, unambiguous, verbal objection of the patient. The hospital failed to submit any summary judgment proof on the issue of its own negligence except for a conclusory statement that it was not negligent. Appellant, in addition to her statement that she informed the nurses that she was not to have a hemorrhoidectomy and that a nurse obtained her signature on the papers, offered the affidavit of a registered nurse that if a patient complains that the surgery contemplated is incorrectly stated, the nurse must immediately notify the attending physician. Because appellant has created a fact issue as to whether Spohn Hospital has deviated from that degree of care that a hospital of ordinary prudence would have exercised under the same or similar circumstances, it was error to grant summary judgment in its favor. Appellant's point of error as to Spohn is sustained. The summary judgment as to Spohn Hospital is reversed.

The judgment of the trial court is REVERSED and the cause is REMANDED for further proceedings below.

Former Chief Justice PAUL W. NYE, not participating.