Dr. Arthur HADLEY, Appellant,

v.

WYETH LABORATORIES,
INC., Appellee.

No. 14–07–01055–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

May 28, 2009.

David P. Andis, The Woodlands, for appellant.

Kenneth J. Ferguson, Leslie A. Benitez, Austin, Paul E. Stallings, Robert M. Schick, Scott Anthony Love, Houston, for appellee.

Panel consists of Justices YATES, GUZMAN, and SULLIVAN.

## OPINION

LESLIE B. YATES, Justice.

Appellant Dr. Arthur Hadley appeals the trial court's order denying his motion for summary judgment and granting the summary judgment motion of appellee Wyeth Laboratories, Inc. In two issues, Dr. Hadley asserts the trial court erred in its summary judgment rulings because, under chapter 82 of the Texas Civil Practice and Remedies Code, he is entitled to indemnity from Wyeth. We affirm.

### Background

Patricia A. Emig took the diet drugs Pondimin and Redux and later suffered personal injuries, including damage to her heart. She then sued the drugs' manufacturer, Wyeth, and various doctors who had prescribed her the drugs, including Dr. Hadley. Wyeth and Dr. Hadley moved for summary judgment on the basis of limitations, which the trial court granted.

Dr. Hadley filed a cross-claim for indemnity against Wyeth under chapter 82, claiming he was an innocent seller and therefore entitled to indemnity. Dr. Hadley moved for summary judgment on his cross-claim, arguing he established his entitlement to indemnity as a matter of law. Wyeth then filed its own summary judgment motion, asserting that there was no evidence Dr. Hadley was a "seller" entitled to indemnity and that as a matter of law, he was not entitled to indemnity. The trial court granted Wyeth's motion and denied Dr. Hadley's. This appeal followed.

### Standard of Review

The summary judgment movant has the burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). When both sides move for summary judgment and the trial court grants one motion and denies the other, the reviewing court

should review the summary judgment evidence presented by both sides and determine all questions presented. *Comm'rs Court v. Agan,* 940 S.W.2d 77, 81 (Tex. 1997). The reviewing court should then render the judgment the trial court should have rendered. *Id.* We review issues of statutory construction de novo. *Guthery v. Taylor,* 112 S.W.3d 715, 720 (Tex.App.-Houston [14th Dist.] 2003, no pet.)

## Analysis

This case centers on the definition of "seller" in chapter 82 of the Civil Practice and Remedies Code and whether doctors fall within that definition by prescribing medication. Our objective when construing a statute is to determine and give effect to the legislature's intent. *Fitzgerald v. Advanced Spine Fixation Sys.,* 996 S.W.2d 864, 865 (Tex.1999); *Guthery,* 112 S.W.3d at 721. To ascertain that intent, we look first to the plain language of the statute. *Phillips v. Beaber,* 995 S.W.2d 655, 658 (Tex.1999); *Guthery,* 112 S.W.3d at 721. We presume the legislature acted with complete knowledge of and with reference to existing law. *See Phillips,* 995 S.W.2d at 658; *Beatty v. Holmes,* 233 S.W.3d 475, 488 (Tex.App.-Houston [14th Dist.] 2007, pet. granted). If a statute creates a liability unknown at common law, we must strictly construe the statute and will not apply it to cases not clearly within its purview. *N.P. v. Methodist Hosp.,* 190 S.W.3d 217, 223 (Tex.App.-Houston [1st Dist.] 2006, pet. denied).

Section 82.002(a) grants a seller indemnity rights against a manufacturer as follows:

A manufacturer shall indemnify and hold harmless a seller against loss arising out of a products liability action, except for any loss caused by the seller's negligence, intentional misconduct, or other act or omission, such as negligent-

ly modifying or altering the product, for which the seller is independently liable.

TEX. CIV. PRAC. & REM. CODE ANN. § 82.002(a) (Vernon 2005). A seller is defined as

a person who is engaged in the business of distributing or otherwise placing, for any commercial purpose, in the stream of commerce for use or consumption a product or any component part thereof.

*Id.* § 82.001(3).

■■ In his first issue, Dr. Hadley contends the trial court erred in denying his motion for summary judgment because he is a seller under chapter 82 as a matter of law. Under the common law, doctors are not considered sellers for products liability purposes. The common law definition of seller is someone "engaged in the business of selling" products. *New Tex. Auto Auction Servs., L.P. v. Gomez De Hernandez,* 249 S.W.3d 400, 403 (Tex.2008); *Fitzgerald,* 996 S.W.2d at 867. Courts have routinely held that doctors are engaged in the practice of providing medical services and even if they use products or prescribed drugs as part of this process, the essential nature of the relationship is still a professional, medical one. *See Cobb v. Dallas Fort Worth Med. Ctr.,* 48 S.W.3d 820, 826–27 (Tex.App.-Waco 2001, no pet.); *Easterly v. HSP of Tex., Inc.,* 772 S.W.2d 211, 213 (Tex.App.-Dallas 1989, no writ); *Nevauex v. Park Place Hosp., Inc.,* 656 S.W.2d 923, 926 (Tex.App.-Beaumont 1983, writ ref'd n.r.e.). As long as the use of the product is intimately and inseparably connected with the provision of medical services and is not available for sale to the general public, a doctor cannot be liable for products liability. *See Cobb,* 48 S.W.3d at 826–27; *Easterly,* 772 S.W.2d at 213; *Nevauex,* 656 S.W.2d at 926; *see also Walden v. Jeffery,* 907 S.W.2d 446, 448 (Tex. 1995).

Dr. Hadley argues that the statutory definition of seller is much broader than the common law and therefore the common law cases holding that doctors are not sellers do not apply under chapter 82. The common law requires that a seller be "engaged in the business of selling," but the statute says a seller must be "engaged in the business of distributing *or otherwise placing*" a product in the stream of commerce. *Compare New Tex. Auto Auction*, 249 S.W.3d at 403, *with* TEX. CIV. PRAC. & REM. CODE ANN. § 82.001(3) (emphasis added). According to Dr. Hadley, this additional language is critical because when doctors prescribe medication, they are "otherwise placing" that medication into the stream of commerce. However, this interpretation ignores the statutory language that a seller must "be engaged in the business" of distributing or placing the product in the stream of commerce and that the purpose of doing so must be a "commercial purpose." TEX. CIV. PRAC. & REM. CODE ANN. § 82.001(3). When doctors prescribe medication as part of their medical services, as opposed to offering goods for sale to the general public, they are not selling the medication for commercial purposes but are engaged in the business of providing professional medical services. *See Cobb*, 48 S.W.3d at 826–27; *Easterly*, 772 S.W.2d at 213; *Nevauex*, 656 S.W.2d at 926; *see also Walden*, 907 S.W.2d at 448. We must presume the legislature was aware of the common law when it passed chapter 82. *See Phillips*, 995 S.W.2d at 658; *Beatty*, 233 S.W.3d at 488. If it had intended to change this standard, it could easily have done so. But the language of the statute is entirely consistent with the common law definition of seller as applied to doctors, and so we

see no legislative intent to depart from that standard.

■ Dr. Hadley contends that the general legislative intent to broaden sellers' indemnity rights supports his interpretation of the definition of seller. Under the common law, an innocent seller is entitled to indemnity from a manufacturer only if the manufacturer is proven liable. *See Gen. Motors Corp. v. Hudiburg Chevrolet, Inc.*, 199 S.W.3d 249, 255–56 (Tex.2006); *Seelin Med., Inc. v. Invacare Corp.*, 203 S.W.3d 867, 869 (Tex.App.-Eastland 2006, pet. denied). Therefore, if a manufacturer settles or is found not responsible, an innocent seller who is brought into a products liability suit has no indemnity rights against the manufacturer. *See Gen. Motors Corp.*, 199 S.W.3d at 255–56; *Seelin Med.*, 203 S.W.3d at 869. Chapter 82 expands a seller's indemnity rights by allowing indemnity based solely on an allegation against a manufacturer, even if the manufacturer is never found liable. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 82.002(a); *Gen. Motors Corp.*, 199 S.W.3d at 256. However, this broadening of the circumstances under which a seller can seek indemnity does not suggest an additional legislative intent to also broaden the scope of defendants who are considered sellers.

■ Dr. Hadley argues that we should look to the definition of a similar term in the Insurance Code for guidance in interpreting the definition of seller. Presumably in response to a split in authority among the courts of appeals,[1] the legislature amended the Insurance Code in 2003 to state that "[a] physician or health care provider is considered a vendor for purposes of coverage under a vendor's endorsement or a manufacturer's general lia-

---

1. *Compare Tex. Med. Liab. Trust v. Zurich Ins. Co.*, 945 S.W.2d 839, 843 (Tex.App.-Austin 1997, writ denied), *with Tex. Med. Liab. Trust*

*v. Hartford Accident & Indem. Co.*, 151 S.W.3d 706, 709 (Tex.App.-Waco 2004, pet. denied).

bility or products liability policy." Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.08, 2003 Tex. Gen. Laws 883, 883–84 (amended 2005) (current version at TEX. INS. CODE ANN. § 1902.002 (Vernon 2008)). Dr. Hadley contends that because "vendor" and "seller" are similar terms and doctors are vendors under the Insurance Code, we should assume the legislature intends that doctors should also be considered sellers under chapter 82. We disagree. "We may add words into a statutory provision only when necessary to give effect to clear legislative intent." *Fitzgerald,* 996 S.W.2d at 867. As discussed above, we see nothing to suggest a legislative intent to broaden the definition of sellers beyond the common law in the context of doctors using products as part of their provision of medical services, including prescribing drugs. The legislature obviously knew how to specifically include doctors in the definition of vendor, but it has not taken similar action under chapter 82 in the six years since amending the Insurance Code. This suggests a legislative intent that doctors should not be so included unless explicitly stated. *See Beedy v. State,* 194 S.W.3d 595, 602 (Tex.App.-Houston [1st Dist.] 2006) ("[T]hat the Legislature felt the need expressly to include deferred adjudication within the definition of 'conviction' in section 12.42 [and not in the other section at issue] indicates the Legislature's understanding that the term 'conviction' would not include deferred-adjudication orders unless the Legislature expressly provided to the contrary."), *aff'd on other grounds,* 250 S.W.3d 107 (Tex. Crim.App.2008).

Dr. Hadley insists that excluding doctors from the definition of seller ignores the realities of the medical industry and the circumstances of this case. He argues that doctors are essential to the chain of pharmaceutical commerce and that without a doctor's prescription, these drugs would never get to patients. Further, according to Dr. Hadley, he was merely a conduit in this case because Emig came to him for the sole purpose of renewing her prescriptions and therefore the medical services he provided were incidental. We reject this analysis. Doctors are more than merely cogs in the machinery of distributing pharmaceuticals. They must use their medical judgment to determine whether prescribing medicine is appropriate in each case. *See Barbee v. Rogers,* 425 S.W.2d 342, 345–46 (Tex.1968); *Wyeth–Ayerst Labs. Co. v. Medrano,* 28 S.W.3d 87, 91 (Tex.App.-Texarkana 2000, no pet.). Indeed, it is a felony to prescribe medicine without a valid medical purpose and in the course of medical practice. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.071(a), 481.128(a)(1), (c) (Vernon 2003); *Morris v. Blanchette,* 181 S.W.3d 422, 424 (Tex.App.-Waco 2005, no pet.). In this case, Dr. Hadley took a personal and family history on Emig, conducted a physical examination, and performed an electrocardiogram. Even though Emig may have wanted only a prescription without any medical services, prescription drugs are not available for purchase in this manner. And it is this unique relationship that takes a doctor prescribing medicine out of the definition of seller under chapter 82.

■ We conclude that a doctor who prescribes drugs during the provision of medical services to patients is not a seller and therefore is not entitled to indemnity under section 82.003(a). Thus, we overrule Dr. Hadley's first issue.

■ In his second issue, Dr. Hadley argues that even if he is not a seller as a matter of law, he has raised a fact issue on his status as a seller. Dr. Hadley claims that the evidence before the trial court established that he operated a pharmacy to dispense prescriptions to patients and

there is a fact issue as to whether he sold Emig her diet drugs. However, Dr. Hadley did not make this argument to the trial court. Rather, he stated in his summary judgment briefing that there were no fact issues and that "[t]he question at hand is purely legal and involves statutory construction, not a factual disposition." Further, he specifically stated in his summary judgment briefing that "Dr. Hadley did not directly sell the diet drugs to [Emig]." He cannot now raise this argument to defeat summary judgment for the first time on appeal. *See Clemons v. State Farm Fire & Cas. Co.,* 879 S.W.2d 385, 390 (Tex.App.-Houston [14th Dist.] 1994, no writ) ("Since the fact issues raised by [appellants] in their brief were not expressly presented to the trial court, we may not consider them on appeal as grounds for reversal of the summary judgment."); *see also D.M. Diamond Corp. v. Dunbar Armored, Inc.,* 124 S.W.3d 655, 659 (Tex. App.-Houston [14th Dist.] 2003, no pet.) ("In considering grounds for reversal on appeal, we are limited to those grounds expressly set forth in the summary judgment motions, answers, or other responses."). Because he has waived it, we do not address the issue of whether a doctor who sells drugs independently of providing professional medical services could be a seller under chapter 82. We overrule Dr. Hadley's second issue.

Because Dr. Hadley is not a seller for purposes of chapter 82, the trial court did not err in denying Dr. Hadley's motion for summary judgment or in granting Wyeth's motion. Therefore, we affirm the trial court's judgment.