Affirmed and Opinion filed May 28, 2009








Affirmed and Opinion filed May 28, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-01055-CV

____________

 

DR. ARTHUR HADLEY, Appellant

 

V.

 

WYETH LABORATORIES, INC., Appellee

 



 

On Appeal from the 269th
District Court

Harris County, Texas

Trial Court Cause No. 1998-33800

 



 

O P I N I O N

Appellant Dr. Arthur Hadley appeals the trial court=s order denying
his motion for summary judgment and granting the summary judgment motion of
appellee Wyeth Laboratories, Inc.  In two issues, Dr. Hadley asserts the trial
court erred in its summary judgment rulings because, under chapter 82 of the
Texas Civil Practice and Remedies Code, he is entitled to indemnity from
Wyeth.  We affirm.








Background

Patricia A. Emig took the diet drugs Pondimin and Redux and
later suffered personal injuries, including damage to her heart.  She then sued
the drugs= manufacturer, Wyeth, and various doctors who had
prescribed her the drugs, including Dr. Hadley.  Wyeth and Dr. Hadley moved for
summary judgment on the basis of limitations, which the trial court granted.

Dr. Hadley filed a cross-claim for indemnity against Wyeth
under chapter 82, claiming he was an innocent seller and therefore entitled to
indemnity.  Dr. Hadley moved for summary judgment on his cross-claim, arguing
he established his entitlement to indemnity as a matter of law.  Wyeth then
filed its own summary judgment motion, asserting that there was no evidence Dr.
Hadley was a Aseller@ entitled to indemnity and that as a
matter of law, he was not entitled to indemnity.  The trial court granted Wyeth=s motion and
denied Dr. Hadley=s.  This appeal followed.

Standard of Review

The summary judgment movant has the burden to show that no
genuine issue of material fact exists and that it is entitled to judgment as a
matter of law.  Tex. R. Civ. P. 166a(c);
Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex.1985).  When both
sides move for summary judgment and the trial court grants one motion and
denies the other, the reviewing court should review the summary judgment
evidence presented by both sides and determine all questions presented.  Comm=rs Court v. Agan, 940 S.W.2d 77,
81 (Tex. 1997).  The reviewing court should then render the judgment the trial
court should have rendered.  Id.   We review issues of statutory
construction de novo.  Guthery v. Taylor, 112 S.W.3d 715, 720 (Tex. App.CHouston [14th
Dist.] 2003, no pet.)

Analysis








This case centers on the definition of Aseller@ in chapter 82 of
the Civil Practice and Remedies Code and whether doctors fall within that
definition by prescribing medication.  Our objective when construing a statute
is to determine and give effect to the legislature=s intent.  Fitzgerald
v. Advanced Spine Fixation Sys., 996 S.W.2d 864, 865 (Tex. 1999); Guthery,
112 S.W.3d at 721.  To ascertain that intent, we look first to the plain
language of the statute.  Phillips v. Beaber, 995 S.W.2d 655, 658 (Tex.
1999); Guthery, 112 S.W.3d at 721.  We presume the legislature acted
with complete knowledge of and with reference to existing law.  See Phillips,
995 S.W.2d at 658; Beatty v. Holmes, 233 S.W.3d 475, 488 (Tex. App.CHouston [14th
Dist.] 2007, pet. granted).  If a statute creates a liability unknown at common
law, we must strictly construe the statute and will not apply it to cases not
clearly within its purview.  N.P. v. Methodist Hosp., 190 S.W.3d 217,
233 (Tex. App.CHouston [1st Dist.] 2006, pet. denied).

Section 82.002(a) grants a seller indemnity rights against
a manufacturer as follows:

A manufacturer shall indemnify and
hold harmless a seller against loss arising out of a products liability action,
except for any loss caused by the seller=s negligence,
intentional misconduct, or other act or omission, such as negligently modifying
or altering the product, for which the seller is independently liable.

Tex. Civ. Prac. & Rem. Code Ann. ' 82.002(a) (Vernon
2005).  A seller is defined as

a person who is engaged in the business of distributing or otherwise
placing, for any commercial purpose, in the stream of commerce for use or
consumption a product or any component part thereof.

Id. ' 82.001(3).








In his first issue, Dr. Hadley contends the trial court
erred in denying his motion for summary judgment because he is a seller under
chapter 82 as a matter of law.  Under the common law, doctors are not
considered sellers for products liability purposes.  The common law definition
of seller is someone Aengaged in the business of selling@ products.  New
Tex. Auto Auction Servs., L.P. v. Hernandez, 249 S.W.3d 400, 403 (Tex.
2008); Fitzgerald, 996 S.W.2d at 867.  Courts have routinely held that
doctors are engaged in the practice of providing medical services and even if
they use products or prescribed drugs as part of this process, the essential
nature of the relationship is still a professional, medical one.  See Cobb
v. Dallas Fort Worth Med. Ctr., 48 S.W.3d 820, 826B27 (Tex. App.CWaco 2001, no
pet.); Easterly v. HSP of Tex., Inc., 772 S.W.2d 211, 213 (Tex. App.CSan Antonio 1989,
no writ); Nevauex v. Park Place Hosp., Inc., 656 S.W.2d 923, 926 (Tex.
App.CBeaumont 1983,
writ ref=d n.r.e.).  As
long as the use of the product is intimately and inseparably connected with the
provision of medical services and is not available for sale to the general
public, a doctor cannot be liable for products liability.  See Cobb, 48
S.W.3d at 826B27; Easterly, 772 S.W.2d at 213; Nevauex,
656 S.W.2d at 926; see also Walden v. Jeffery, 907 S.W.2d 446,
448 (Tex. 1995).








Dr. Hadley argues that the statutory definition of seller
is much broader than the common law and therefore the common law cases holding
that doctors are not sellers do not apply under chapter 82.  The common law
requires that a seller be Aengaged in the business of selling,@ but the statute
says a seller must be Aengaged in the business of distributing or
otherwise placing@ a product in the stream of commerce.  Compare
New Tex. Auto Auction, 249 S.W.3d at 403, with Tex. Civ. Prac. & Rem. Code Ann. ' 82.001(3)
(emphasis added).  According to Dr. Hadley, this additional language is
critical because when doctors prescribe medication, they are Aotherwise placing@ that medication
into the stream of commerce.  However, this interpretation ignores the
statutory language that a seller must Abe engaged in the
business@ of distributing
or placing the product in the stream of commerce and that the purpose of doing
so must be a Acommercial purpose.@  Tex. Civ. Prac. & Rem. Code Ann. ' 82.001(3).  When
doctors prescribe medication as part of their medical services, as opposed to
offering goods for sale to the general public, they are not selling the
medication for commercial purposes but are engaged in the business of providing
professional medical services.  See Cobb, 48 S.W.3d at 826B27; Easterly,
772 S.W.2d at 213; Nevauex, 656 S.W.2d at 926; see also Walden,
907 S.W.2d at 448.  We must presume the legislature was aware of the common law
when it passed chapter 82.  See Phillips, 995 S.W.2d at 658; Beatty,
233 S.W.3d at 488.  If it had intended to change this standard, it could easily
have done so.  But the language of the statute is entirely consistent with the
common law definition of seller as applied to doctors, and we so see no
legislative intent to depart from that standard.

Dr. Hadley contends that the general legislative intent to
broaden sellers= indemnity rights supports his
interpretation of the definition of seller.  Under the common law, an innocent
seller is entitled to indemnity from a manufacturer only if the manufacturer is
proven liable.  See Gen. Motors Corp. v. Hudiburg Chevrolet, Inc., 199
S.W.3d 249, 255B56 (Tex. 2006); Seelin Med., Inc. v.
Invacare Corp., 203 S.W.3d 867, 869 (Tex. App.CEastland 2006,
pet. denied).  Therefore, if a manufacturer settles or is found not
responsible, an innocent seller who is brought into a products liability suit
has no indemnity rights against the manufacturer.  See Gen. Motors Corp.,
199 S.W.3d at 255B56; Seelin Med., 203 S.W.3d at
869.  Chapter 82 expands a seller=s indemnity rights
by allowing indemnity based solely on an allegation against a manufacturer,
even if the manufacturer is never found liable.  See Tex. Civ. Prac. & Rem. Code Ann. ' 82.002(a);
Gen. Motors Corp., 199 S.W.3d at 256.  However, this broadening of the
circumstances under which a seller can seek indemnity does not suggest an
additional legislative intent to also broaden the scope of defendants who are
considered sellers.








Dr. Hadley argues that we should look to the definition of
a similar term in the Insurance Code for guidance in interpreting the
definition of seller.  Presumably in response to a split in authority among the
courts of appeals,[1]
the legislature amended the Insurance Code in 2003 to state that A[a] physician or
health care provider is considered a vendor for purposes of coverage under a
vendor=s endorsement or a
manufacturer=s general liability or products liability policy.@  Act of June 2,
2003, 78th Leg., R.S., ch. 204, ' 10.08, 2003 Tex.
Gen. Laws 883, 883B84 (amended 2005) (current version at Tex. Ins. Code Ann. ' 1902.002 (Vernon 
2008)).  Dr. Hadley contends that because Avendor@ and Aseller@ are similar terms
and doctors are vendors under the Insurance Code, we should assume the
legislature intends that doctors should also be considered sellers under
chapter 82.  We disagree.  AWe may add words into a statutory
provision only when necessary to give effect to clear legislative intent.@  Fitzgerald,
996 S.W.2d at 867.  As discussed above, we see nothing to suggest a legislative
intent to broaden the definition of sellers beyond the common law in the
context of doctors using products as part of their provision of medical
services, including prescribing drugs.  The legislature obviously knew how to
specifically include doctors in the definition of vendor, but it has not taken
similar action under chapter 82 in the six years since amending the Insurance
Code.  This suggests a legislative intent that doctors should not be so
included unless explicitly stated.  See Beedy v. State, 194 S.W.3d 595,
602 (Tex. App.CHouston [1st Dist.] 2006) (A[T]hat the
Legislature felt the need expressly to include deferred adjudication within the
definition of >conviction= in section 12.42
[and not in the other section at issue] indicates the Legislature=s understanding
that the term >conviction= would not include
deferred-adjudication orders unless the Legislature expressly provided to the
contrary.@), aff=d on other grounds, 250 S.W.3d 107
(Tex. Crim. App. 2008).








Dr. Hadley insists that excluding doctors from the
definition of seller ignores the realities of the medical industry and the
circumstances of this case.  He argues that doctors are essential to the chain
of pharmaceutical commerce and that without a doctor=s prescription,
these drugs would never get to patients.  Further, according to Dr. Hadley, he
was merely a conduit in this case because Emig came to him for the sole purpose
of renewing her prescriptions and therefore the medical services he provided
were incidental.  We reject this analysis.  Doctors are more than merely cogs
in the machinery of distributing pharmaceuticals.  They must use their medical
judgment to determine whether prescribing medicine is appropriate in each
case.  See Barbee v. Rogers, 425 S.W.2d 342, 345B46 (Tex. 1968); Wyeth-Ayerst
Labs. Co. v. Medrano, 28 S.W.3d 87, 91 (Tex. App.CTexarkana 2000, no
pet.).  Indeed, it is a felony to prescribe medicine without a valid medical
purpose and in the course of medical practice.  See Tex. Health & Safety Code Ann. '' 481.071(a),
481.128(a)(1), (c) (Vernon 2003); Morris v. Blanchette, 181 S.W.3d 422,
424 (Tex. App.CWaco 2005, no pet.).  In this case, Dr. Hadley took a
personal and family history on Emig, conducted a physical examination, and
performed an electrocardiogram.  Even though Emig may have wanted only a
prescription without any medical services, prescription drugs are not available
for purchase in this manner.  And it is this unique relationship that takes a
doctor prescribing medicine out of the definition of seller under chapter 82.

We conclude that a doctor who prescribes drugs during the
provision of medical services to patients is not a seller and therefore is not
entitled to indemnity under section 82.003(a).  Thus, we overrule Dr. Hadley=s first issue.








In his second issue, Dr. Hadley argues that even if he is
not a seller as a matter of law, he has raised a fact issue on his status as a
seller.  Dr. Hadley claims that the evidence before the trial court established
that he operated a pharmacy to dispense prescriptions to patients and there is
a fact issue as to whether he sold Emig her diet drugs.  However, Dr. Hadley
did not make this argument to the trial court.  Rather, he stated in his
summary judgment briefing that there were no fact issues and that A[t]he question at
hand is purely legal and involves statutory construction, not a factual
disposition.@  Further, he specifically stated in his summary
judgment briefing that ADr. Hadley did not directly sell the diet
drugs to [Emig].@  He cannot now raise this argument to
defeat summary judgment for the first time on appeal.  See Clemons v. State
Farm Fire & Cas. Co., 879 S.W.2d 385, 390 (Tex. App.CHouston [14th
Dist.] 1994, no writ) (ASince the fact issues raised by
[appellants] in their brief were not expressly presented to the trial court, we
may not consider them on appeal as grounds for reversal of the summary
judgment.@); see also D.M. Diamond Corp. v. Dunbar Armored,
Inc., 124 S.W.3d 655, 659 (Tex. App.CHouston [14th
Dist.] 2003, no pet.) (AIn considering grounds for reversal on
appeal, we are limited to those grounds expressly set forth in the summary
judgment motions, answers, or other responses.@).  Because he has
waived it, we do not address the issue of whether a doctor who sells drugs
independently of providing professional medical services could be a seller
under chapter 82.  We overrule Dr. Hadley=s second issue.

Because Dr. Hadley is not a seller
for purposes of chapter 82, the trial court did not err in denying Dr. Hadley=s motion for summary judgment or in
granting Wyeth=s motion.  Therefore, we affirm the
trial court=s judgment.

 

 

 

 

/s/      Leslie B. Yates

Justice

 

 

 

 

 

Panel consists of
Justices Yates, Guzman, and Sullivan.









[1]  Compare Tex. Med. Liab. Trust v. Zurich Ins. Co.,
945 S.W.2d 839, 843 (Tex. App.CAustin 1997,
writ denied), with Tex. Med. Liab. Trust v. Hartford Accident & Indem.
Co., 151 S.W.3d 706, 709 (Tex. App.CWaco
2004, pet. denied).