**TEXAS MEDICAL LIABILITY TRUST, American Physicians Insurance Exchange, The Medical Protective Company, and Texas Medical Liability Insurance Underwriting Association, Appellants,**

v.

**The HARTFORD ACCIDENT AND INDEMNITY COMPANY, First State Insurance Company, The North River Insurance Company, And Aetna Casualty & Surety Company, Appellees.**

No. 10–03–00169–CV.

Court of Appeals of Texas, Waco.

Nov. 10, 2004.

Rehearing Overruled Dec. 14, 2004.

on September 1, 2004.

R. Brent Cooper, Cooper & Scully, P.C., Dallas, for appellants.

John H. Marks, Jr., Locke, Liddell & Sapp, L.L.P., Dallas, Matthew W. Childs, Tekell, Book, Matthews & Limmer, Houston, George L. Lankford, Fanning, Harper & Martinson, Dallas, for appellees.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

Appellants (hereafter "Physician-insurers") are insurance companies that issued

professional liability policies to physicians. Physician-insurers claim that they are additional insureds under the "vendor" endorsements of general liability policies issued to Dow Corning Company by Appellees (hereafter "Dow-insurers"). They contend that Dow-insurers owe them a duty to defend under the contracts. The trial court granted summary judgment for the Dow-insurers. Physician-insurers bring this appeal complaining that the trial court erred in granting summary judgment. We will reverse the summary judgment and remand the cause.

## BACKGROUND

Physician-insurers provided the defense of physicians faced with lawsuits regarding breast implants manufactured by Dow Corning. Dow-insurers issued a series of comprehensive general liability policies to Dow. Each of the Dow policies incorporates an additional insured endorsement for "vendors." In 1994, Physician-insurers and Dow-insurers entered into an "Interim Agreement Relating to the Defense of Certain Breast Implant Claims Against Certain Doctors" ("Interim Agreement"), under which Dow-insurers reimbursed Physician-insurers for a share of the physicians' defense in the lawsuits.

Zurich Insurance Company, another insurer of Dow that did not join the Interim Agreement and is not a party to this litigation, filed suit against Physician-insurers seeking a declaration of Zurich's obligations toward the physicians in the breast implant cases. In that case, the trial court granted Zurich's motion for summary judgment. The Austin Court of Appeals affirmed the judgment of the trial court, holding as a matter of law that the physicians were not insureds under the vendor endorsements of Zurich's insurance contracts with Dow. *Texas Medical Liability*

*Trust v. Zurich Ins. Co.* 945 S.W.2d 839, 843 (Tex.App.-Austin 1997, writ denied).

In 1997, Physician-insurers instituted this declaratory judgment action, seeking a declaration that Dow-insurers had a duty to defend the physicians in the breast implant litigation and seeking reimbursement of expenses incurred in defending the physicians in that litigation.

**Standard of Review**

We review the trial court's summary judgment de novo. The standards for reviewing a summary judgment are well established. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex. 1985). The movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to the summary judgment as a matter of law. *Id.* The reviewing court must accept all evidence favorable to the non-movant as true. *Id.* at 548–49. Every reasonable inference must be indulged in favor of the non-movant and all doubts resolved in its favor. *Id.* at 549.

**Eight–Corners Rule**

To determine whether Dow-insurers have a duty to defend the physicians, we consider only the facts alleged in the four corners of the pleadings of the underlying lawsuits and the language in the four corners of the insurance contracts. *National Union Fire Ins. Co. v. Merchants Fast Motor Lines,* 939 S.W.2d 139, 141 (Tex.1997). Because courts are confined to the four corners of the underlying complaint and the four corners of the insurance contract, the rule is referred to as the "eight-corners rule." We consider the factual allegations without reference to their veracity, to what the parties know or believe the facts to be, or to any legal determination of the facts. *Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co.*, 387 S.W.2d 22, 24 (Tex.1965). In applying the eight-corners rule, we interpret

the allegations liberally, resolving any doubt in favor of the insured. *See National Union Fire Ins. Co.*, 939 S.W.2d at 141.

■ The relevant portion of the vendor endorsement at issue in this case provides:

> It is agreed that the "Persons Insured" provision is amended to include any person or organization (herein referred to as "Vendor"), as an Insured, but only with respect to the distribution or sale in the regular course of the Vendor's business of the Named Insured's products subject to the following additional provisions:

To be an additional insured under the plain language of the vendor endorsement, the physicians must have distributed or sold Dow products in the regular course of their business.

We now consider the allegations in the underlying pleadings in light of the language of the vendor endorsement to determine if Dow-insurers had a duty to defend the physicians under the contract. The Master Petition[1] makes several allegations specifically against the defendant physicians. The plaintiffs allege that Dow sold the breast implants to the physicians or the hospital. They allege that they purchased the implants for use as prostheses when the physician inserted the implant into their bodies. The petition also alleges that the physicians are strictly liable as sellers of defective products under Section 402A of the Restatement (Second) of Torts as adopted by the Texas Supreme Court. Although the words "in the regular course of business" are not found in the Master Petition, the plaintiffs specifically allege that the physicians were sellers of Dow's breast implants. Interpreting the allegations liberally, and resolving any doubts in

favor of the physicians, it was error for the trial court to conclude that, as a matter of law, the physicians are not additional insureds under the vendor endorsements.

**Collateral Estoppel**

■ Dow-insurers also contend that Physician-insurers are precluded by collateral estoppel from arguing that the vendor endorsements in the Dow policies extend coverage to the physicians because that issue was already litigated in *Zurich*. Physician-insurers argue that the prerequisites for application of collateral estoppel are not present in this case. To invoke collateral estoppel, a party must establish that: (1) the parties were cast as adversaries in the first proceeding; (2) the facts sought to be litigated in the current proceeding were essential to the judgment in the first; and (3) those facts were fully and fairly litigated in the first proceeding. *Sysco Food Services, Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex.1994). Physician-insurers argue that the issues are not identical because the endorsements in *Zurich* contain different language than the endorsements at issue here. They also argue that the issue of whether the vendor's endorsements are ambiguous—an issue raised and argued here—was not litigated in *Zurich*. Additionally, they argue that intervening changes in the law preclude application of collateral estoppel.

We conclude that collateral estoppel does not bar Physician-insurers' claim.

## CONCLUSION

We sustain Physician-insurers' sole point of error and hold that the trial court erred in granting summary judgment. We re-

---

1. Filed in *In re Master Silicone Implant File*, No. 92–16550 in the 270th District Court of Harris County, Texas, 1994 WL 16138071.

verse the judgment and remand the cause to the trial court for further proceedings.