Geneva McKINLEY et vir., Petitioners,

v.

W. Dennis STRIPLING, M.D.,
Respondent.

No. C–7426.

Supreme Court of Texas.

Jan. 11, 1989.

Bonnie Wulff, Wulf & Kaplan, John E. Collins, Dallas, for petitioners.

Deborah G. Hardwick, Thompson & Knight, Dallas, for respondent.

SPEARS, Justice.

The question presented is must the trial court ask a "proximate cause" issue to the jury in a medical malpractice informed consent case. No such instruction was requested by the plaintiffs, Geneva and Albert McKinley, and none was given to the jury. Based on the jury verdict, judgment was rendered for the plaintiffs against the defendant, Dr. Dennis Stripling. The court of appeals reversed the trial court's judgment and held that the trial court's failure to submit a proximate cause issue was error. 746 S.W.2d 502. The court of appeals

also held that McKinley's failure to submit such an issue waived her right to recover on the claim.[1] We affirm.

In 1980 Geneva McKinley broke her right wrist. She visited Dr. Scott Wallace, an orthopedic surgeon, who set the fracture. Upon removal of the cast it was determined that a malunion had occurred and the bones of the wrist were not set properly. McKinley also complained of numbness and tingling in her hand. Dr. Wallace referred her to a neurosurgeon. After treating the numbness, the neurosurgeon referred McKinley to Dr. Dennis Stripling concerning the malunion of the bones in her wrist. Dr. Stripling recommended an osteotomy be performed, a procedure requiring the bone to be refractured, a piece of pelvic bone be grafted to the arm, and a plate inserted to secure the bones while healing. This procedure was done in late 1980 by Dr. Stripling.

In March 1981 Dr. Stripling again performed surgery to remove the plate and screws inserted during the osteotomy and to explore McKinley's thumb area to determine the cause of restricted thumb movement she was experiencing. Dr. Stripling discovered that a ruptured tendon to McKinley's thumb was responsible for its restricted movement. During the surgery, he took a tendon from McKinley's right index finger and connected it to her thumb. Dr. Stripling had never discussed this procedure with McKinley nor the risks incident to it. McKinley's wrist was satisfactorily repaired; however, she found that she could not move her right index finger. It was acknowledged by Dr. Stripling that limited movement was an inherent risk of tendon transfer surgery.

Dr. Stripling again performed surgery on McKinley's hand in an attempt to correct the problem with her index finger. Again, Dr. Stripling failed to disclose to McKinley the risks involved in the tendon transfer surgery. During the surgery, the doctor transferred a tendon from McKinley's right middle finger to her index finger. After this surgery, McKinley complained of restricted middle finger movement. Ultimately, McKinley had another doctor perform corrective surgery after which she regained some function of her right fingers.

Geneva McKinley and her husband, Albert, sued Dr. Stripling, alleging negligent failure to disclose the risks incident to tendon transfer surgery. At trial, Dr. Stripling objected to McKinley's failure to include a jury issue concerning proximate cause. McKinley argued that such a finding was unnecessary and refused to submit the proximate cause issue. The jury found that the limited movement McKinley complained of was an inherent risk of tendon transfer surgery; that these risks could influence a reasonable person in consenting to the operation; and that McKinley had suffered limited movement as a result of the surgeries performed. It is undisputed Dr. Stripling failed to inform McKinley of the risks incident to the surgery. Based on the jury verdict, the trial court rendered judgment for the McKinleys for $19,915.08.

The court of appeals reversed and rendered judgment for Dr. Stripling, holding that a jury finding of proximate cause was required to establish plaintiff's case, and McKinley's refusal to submit such an issue constituted a waiver of her cause of action. 746 S.W.2d at 506. The court of appeals said that the applicable standard for proximate cause was "whether disclosure would have caused the plaintiff, not an unspecified reasonable person, to refuse surgery." 746 S.W.2d at 505 n. 2.

Four issues concerning consent were submitted to the jury, but no issue concerning proximate causation.[2] McKinley con-

---

**1.** Although the court of appeals cited no authority for its holding, it was apparently based on Tex.R.Civ.P. 279 which provides:

Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and no element of which is submitted or requested are waived.

**2.** The following issues were submitted and answered by the jury:

\* \* \* \* \* \*

Question 1: Are any of the following conditions inherent risks to the tendon transfer surgery performed by Doctor Stripling on March 26, 1981?

\* \* \* \* \* \*

cedes that causation is an element of her cause of action; however, she asserts that no independent issue on proximate causation need be submitted because the issues given to the jury sufficiently encompass causation, and to impose any further causation issues would conflict with the statute and court decisions.

■■■ A cause of action for the failure of a doctor to fully inform a patient of the risks of surgery is a negligence cause of action. Recovery is governed by the Medical Liability and Insurance Improvement Act of Texas. Tex.Rev.Civ.Stat.Ann. art. 4590i (Vernon Supp.1989). The act contains a specific provision relating to informed consent actions such as the case here:

> In a suit against a physician or health care provider involving a health care liability claim that is based on the failure of the physician or health care provider to describe or adequately to disclose the risks and hazards involved in the medical care or surgical procedure rendered by the physician or health care provider, the only theory on which recovery may be obtained is that of negligence in failing to disclose the risks or hazards that could have influenced a reasonable person in making a decision to give or withhold consent.

Tex.Rev.Civ.Stat.Ann. art. 4590i § 6.02 (Vernon Supp.1989).

■■■ It is clear from the language of this statute that an action alleging a physician's failure to obtain a patient's informed consent is a suit based on negligence. Although the statute does not mention the term "proximate cause," this is not dispositive of the issue before us. Before the statute was enacted, no one disputes that

Texas law required that an issue on proximate causation be submitted. *Wilson v. Scott,* 412 S.W.2d 299, 302 (Tex.1967). Nothing in the statute subsequently enacted indicates that the legislature intended to eliminate this requirement. In the absence of any legislative history suggesting that juries no longer need to find proximate cause in informed consent cases, the statute's omission of such an element is inconclusive. Traditional notions of liability in negligence actions require a finding of a duty, a breach of that duty, the breach was a proximate cause of injuries, and that damages occurred. W. Keeton, Prosser & Keeton on Torts § 30 (5th ed. 1984). A medical procedure informed consent case does not differ merely because a statute imposes the duty of disclosure. An issue on proximate causation must be submitted as in ordinary negligence cases so the jury may determine whether any breach of duty caused the injuries suffered. To hold otherwise would amount to an imposition of strict liability wherein a failure to warn and an undesirable surgical result would automatically create liability on the doctor.

This court has never addressed this precise question. McKinley argues that she relied on this court's decisions in *Peterson v. Shields,* 652 S.W.2d 929 (Tex.1983), and *Barclay v. Campbell,* 704 S.W.2d 8 (Tex. 1986), in framing the issues submitted to the jury in this case. However, neither of these cases suggests that *only* duty questions need be submitted to the jury. The cases arose as appeals from directed verdicts, and thus the only issue before this court was whether the patient had raised a fact issue of a duty for submission to the jury. In both cases a question of fact was raised; however, in neither case was the

(A) Limited extension of the index finger.
    ANSWER: <u>Yes</u>.
(B) Scarring of the tendon.
    ANSWER: <u>Yes</u>.
(C) Stretching of the tendon.
    ANSWER: <u>Yes</u>.
(D) Separation of the tendon.
    ANSWER: <u>Yes</u>.
Question 2: Could the following inherent risk, if any, influence a reasonable person in making a decision to consent to the procedure?
(A) Limited extension of the index finger.

ANSWER: <u>Yes</u>.
(B) Scarring of the tendon.
    ANSWER: <u>Yes</u>.
(C) Stretching of the tendon.
    ANSWER: <u>Yes</u>.
(D) Separation of the tendon.
    ANSWER: <u>Yes</u>.

\* \* \* \* \* \*

Similar issues were submitted concerning the surgery performed by Dr. Stripling on April 7, 1981.

question of a causal requirement of the lack of informed consent raised by the parties or discussed by this court. Moreover, no suggestion was made in either opinion that no issue on proximate cause is required. McKinley's reliance on these cases for that proposition is misplaced. Proximate cause remains an element of a cause of action based on failure of a doctor to inform a patient of inherent risks associated with a surgical procedure or prescribed drug.

■ While the court of appeals correctly held that an issue concerning proximate cause must be submitted to the jury, it erroneously ruled that the issue should be framed subjectively. 746 S.W.2d at 505 n. 2. The inquiry must be whether a reasonable person, not a particular plaintiff, would have refused the treatment or procedure had he been fully informed of all inherent risks which would influence his decision. *See Forney v. Memorial Hospital,* 543 S.W.2d 705, 708 (Tex.Civ.App.— Beaumont 1976, writ ref'd n.r.e.); *see also Karp v. Cooley,* 493 F.2d 408, 421–422 (5th Cir.), *cert. denied,* 419 U.S. 845, 95 S.Ct. 79, 42 L.Ed.2d 73 (1974) (interpreting Texas law). Only in this way may a plaintiff establish that the failure to obtain informed consent was a proximate cause of his injuries.

■ In this case, Dr. Stripling properly objected to the omission of a proximate cause issue. McKinley, having failed to submit such an issue after objection, has waived the issue. Tex.R.Civ.P. 279. In the absence of a finding of proximate cause, there can be no recovery.

The judgment of the court of appeals is affirmed.

MAUZY, J., dissents.

HECHT, J., not sitting.

MAUZY, Justice, dissenting.

I am compelled to dissent. So often this court has spoken of *stare decisis* and the stability of the law, yet in this instance the court ignores both legislative-made law and the court-made common law as announced in its previous opinion in *Barclay v. Campbell,* 704 S.W.2d 8 (Tex.1986).

Lack of informed consent is now a statutory cause of action created by the legislature, not a common-law cause of action created by this court. The 65th Legislature in 1977 enacted a statutory scheme for informed consent actions which replaced the common-law action of informed consent. Tex.Rev.Civ.Stat.Ann. art. 4590i, § 6.02 (Vernon Supp.1989). The statutory scheme shifted the focus from what a reasonably prudent doctor would disclose to his patient to what information is needed by a reasonable patient in making a decision to give or withhold consent for a particular medical procedure. *Compare Barclay v. Campbell,* 704 S.W.2d 8 (Tex.1986) *with Wilson v. Scott,* 412 S.W.2d 299 (Tex. 1967). The interjection of a traditional common-law negligence proximate cause issue into this statutory cause of action would effectively repeal the action of the legislature and resurrect and reinstitute the old court-made physician-oriented standard. *Wilson, id.* at 302.

Both the legislature by statute and this court through case law have fashioned this cause of action, including the issues which must be submitted to the jury to establish causation. The statute and this court in *Barclay* delineated the causation issues required to be submitted to the jury in a statutory informed consent action to ensure that an adequate causal connection has been found between the physician's failure to disclose risks and the resulting harm to the patient. A patient bringing a cause of action for lack of informed consent under Tex.Rev.Civ.Stat.Ann. art. 4590i, § 6.02 must establish: (1) that the physician or health care provider failed to disclose the risks or hazards of the procedure; (2) that such risks or hazards were inherent in the procedure; (3) that the risk is material in the sense that it could influence a reasonable person's decision to consent to the procedure, and (4) that the patient actually developed the nondisclosed risks or hazards. *Barclay,* 704 S.W.2d at 8; *Peterson v. Shields,* 652 S.W.2d 929 (Tex.1983).

Litigants should be able to confidently rely on the opinions handed down by this court and rely on the procedural rules mandated by its opinions. At the urging of McKinley, the trial court followed the mandate of this court and the legislature in submitting the causation issues to the jury only to find the rug pulled out from under her. The court's holding in this case flies in the face of the idea that statutes should be strictly construed to follow legislative intent. For these reasons, I dissent.