Joseph C. STRAIN, et al., Appellants,

v.

Gerald M. GANSLE, Appellee.

No. 13-87-532-CV.

Court of Appeals of Texas,
Corpus Christi.

Feb. 23, 1989.

Rehearing Denied March 23, 1989.

Fred D. Dreiling, Bob J. Spann, Spann & Smith, Corpus Christi, for appellants.

John S. Warren, LeLaurin & Adams, Corpus Christi, for appellee.

Before NYE, C.J., and BENAVIDES and SEERDEN, JJ.

OPINION

BENAVIDES, Justice.

This is an appeal from a judgment rendered in favor of Gerald Gansle, appellee, and against appellants, Joseph and Chris Strain and Harriett Lott, for breach of contract and tortious interference of contract. We reverse and render.

The record reflects that in October of 1981, Joseph Strain and appellee were partners in the operation of Video Magic stores located in Corpus Christi, Texas. Video Magic is engaged in the business of renting movies and video equipment. In August of 1982, Joseph sold his interest in Video Magic to appellee and they entered into a written dissolution agreement, in which Joseph agreed not to "invest in, participate in the operation of or conduct a business engaged in video sales, rental or production in Nueces or San Patricio counties, ... for a period of four (4) years...."

At trial, appellee testified that approximately three months after they had entered into the dissolution agreement, he learned that Joseph lent money to his son, Chris Strain, to open a video store, Showtime Video, in Aransas Pass. Appellee testified that Aransas Pass is located in San Patricio County, a county included under the covenant not to compete.

At trial, the evidence showed that Joseph (1) occasionally worked at the Aransas Pass store, (2) was the guarantor of the Aransas Pass lease, (3) was a signatory on the Aransas Pass bank account, and (4) claimed on his 1982 and 1983 tax returns that he was a partner in the Aransas Pass store. Appellee, however, admitted that he did not object to the Aransas Pass store, because he had no operations located there.

According to appellee, in April of 1984, he learned that Chris was intending to open a Showtime Video store in Corpus Christi just a few blocks from a Video Magic store. Chris testified that he wanted to open a store in Corpus Christi, but he was aware of his father's covenant not to compete. He, therefore, entered into an oral partnership agreement with Harriett Lott, his father's second cousin. Harriett invested

$35,000 and Chris borrowed $4,000 from an uncle. Both Chris and Harriett testified at trial that Joseph never invested in, participated in, nor conducted business in the Corpus Christi store. According to all three appellants, the Corpus Christi store was separate and distinct from the Aransas Pass store, and was operated only by Harriett Lott and Chris Strain. In September of 1985, Chris sold his interest in the Corpus Christi store to Harriett and dissolved the partnership.

Appellee brought suit against Joseph Strain for breach of contract and against Chris Strain and Harriett Lott for tortious interference of contract. Appellee contended at trial that Showtime Video was not two separate partnerships, but one operation. However, appellee complained only of the Corpus Christi store.

In response to special issues, the jury found that (1) Joseph Strain breached the non-competition agreement when he invested in, participated in the operation of or the conducting of business at Showtime Video in Corpus Christi; (2) Joseph Strain acted with malice; (3) Chris Strain and Harriett Lott knowingly interfered with the non-competition agreement; (4) Chris Strain and Harriett Lott's interference was a proximate cause of appellee's damages; and (5) Chris Strain and Harriett Lott acted with malice. The jury awarded actual and exemplary damages against all three appellants.

On appeal, Joseph and Chris Strain assert seventeen points of error. Harriett Lott, in a separate brief, asserts seven points of error. By points one through three, Joseph and Chris assert that the trial court erred in failing to submit a vital fact issue to the jury. Specifically, they argue that an issue should have been submitted to the jury inquiring whether Joseph's breach of the non-competition agreement was a proximate cause of appellee's dam-

ages. Harriett Lott advances the same argument by point two.

Appellee, by his brief, confesses error and admits that since the trial court erroneously failed to submit a causation issue upon the breach of contract claim, the judgments against all three appellants should be reversed and remanded for a new trial.[1] Appellee makes no response to appellant's other points of error.

The record reflects that appellee sought actual damages for loss of profits, in particular, loss of rental income. At trial, appellee testified that since the Showtime Video store opened in Corpus Christi, his sales have decreased. According to appellee, 60 percent of this decrease was due to overall competition, of which 15 to 30 percent was attributable to Showtime Video. Appellants strongly objected to the introduction of this testimony as speculative. After the court overruled their objections, appellants introduced controverting evidence to show that there were numerous other factors which could have caused appellee's decrease in rental income. The cause of appellee's reduction of income was, therefore, a strongly contested issue at trial. Nonetheless, the trial court did not submit to the jury an issue concerning whether Joseph's breach of the covenant caused appellee's damages. Likewise, we note that the damage issue was not predicated upon a finding of causation.[2] All three appellants objected to the omission; thus, they preserved error. Tex.R.Civ.P. 279. Additionally, we have examined the charge and find no instruction or definition from which the trial court could have determined that the damages the jury found resulted from or were caused by Joe Strain's breach of the convenant not to compete.

It is well established that compensatory damages may be recovered in an action for breach of contract when "the loss is the natural, probable and foreseeable *conse-*

---

**1.** Appellee admits that the judgments against Chris and Harriett cannot stand, because the tortious interference issues submitted to the jury were conditioned upon a finding that Joseph had breached his contract.

**2.** The damage issue was worded as follows:
    SPECIAL ISSUE NO. 9
    What sum of money, if any, do you find from a preponderance of the evidence that Gerald Gansle should be awarded as actual damages?

*quence* of the defendant's conduct." (emphasis added). *Mead v. Johnson Group, Inc.*, 615 S.W.2d 685, 687 (Tex.1981); *Nelson Cash Register, Inc. v. Data Terminal Systems*, 671 S.W.2d 594, 600 (Tex.App.—San Antonio 1984, no writ). In *Braselton–Watson Builders, Inc. v. Burgess*, 567 S.W.2d 24, 28 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.), this Court held that the right to recover compensatory damages for the breach of a contract will be defeated if (1) no damage was suffered by the complaining party despite the breach; or (2) if the damages which he sustained did not result from the breach. Likewise, the absence of proof of a causal connection between the alleged breach and damages, will preclude recovery. *LeBlanc, Inc. v. Gulf Bitulithic Co.*, 412 S.W.2d 86, 94 (Tex.Civ.App.—Tyler 1967, writ ref'd n.r.e.).

Since, in the instant case, causation of damages was a contested issue at trial and no causation issue was ever submitted to the jury, appellee failed to sustain his burden of proof and, therefore, was not entitled to damages for breach of contract. *LeBlanc*, 412 S.W.2d at 94. The trial court was precluded from making a finding on the omitted issue and such circumstances require that the judgment be rendered for appellants. *See McKinley v. Stripling*, 763 S.W.2d 407 (Tex.1989); Tex.R.Civ.P. 279. We, therefore, sustain Joseph and Chris Strain's first, second, and third points of error and Harriett Lott's second point of error. Accordingly, we need not address their remaining points of error.

The judgment of the trial court in favor of appellee is REVERSED and RENDERED that appellee take nothing by his suit.