**John STANDEFER, M.D., Appellant**

v.

**Rose M. BREWER, Appellee.**

**No. 05–07–01665–CV.**

Court of Appeals of Texas,
Dallas.

June 13, 2008.

David M. Walsh IV, Jeffrey W. Ryan, Jon D. Campbell, Chamblee & Ryan, P.C., Dallas, for Appellant.

Constance M. Maher, The Maher Law Firm, Arlington, for Appellee.

Before Justices MOSELEY, FRANCIS, and LANG.

## OPINION

Opinion by Justice MOSELEY.

Rose M. Brewer filed a health care liability claim against John Standefer, M.D. alleging he negligently failed to obtain her informed consent before performing a cosmetic face-lift procedure. Brewer filed an expert report and curriculum vitae of Carl Warren Adams, M.D. within 120 days of filing her petition. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a) (Vernon Supp. 2007). Dr. Standefer filed objections and a motion to dismiss, contending the report was insufficient. *See id.* § 74.351(r)(6). Brewer filed a response and requested an extension of time to cure any deficiency in the report. *See id.* § 74.351(c). After a hearing, the trial court denied Standefer's motion to dismiss, holding the report was adequate. Standefer filed this interlocutory appeal complaining of the trial court's ruling. *See id.* § 51.014(9) (Vernon Supp. 2007). We reverse the trial court's order denying the motion to dismiss and remand for further proceedings.

Brewer was concerned about her "turkey neck"—wrinkles and sagging skin along the jaw line and neck. After seeing advertisements for the "Lifestyle Lift" procedure, she contacted the company and was referred to Standefer. After the procedure, Brewer's records indicate the incision was inflamed and there was a fair amount of relaxation. Brewer alleged the procedure made her appearance worse by leaving thick visible scars around her face. Brewer's sole claim against Standefer is his alleged failure to obtain her informed consent by not disclosing the risks and hazards of the procedure.

Initially, we reject Brewer's reply point challenging our jurisdiction over this interlocutory appeal. *See Lewis v. Funderburk,* 2008 WL 1147188 at *2 (Tex. April 11, 2008); *see also* TEX. CIV. PRAC. & REM. CODE ANN. §§ 54.014(a)(9), 74.351(b).

■ We now turn to Standefer's appeal of the denial of his motion to dismiss. We review the trial court's determination on a motion to dismiss a health care liability claim for abuse of discretion under well-known standards. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 875 (Tex.2001) (discussing former article 4590i); *Cayton v. Moore,* 224 S.W.3d 440, 444 (Tex.App.-Dallas 2007, no pet.). The report must provide a fair summary of the expert's opinion as to each of the statutory elements of standard of care, breach, and causation. TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(r)(6). To represent an objective good faith effort to comply with these requirements, the report must (1) inform the defendant of the specific conduct the plaintiff has called into question, and (2) provide a basis for the trial court to conclude that the claims have merit. *Palacios,* 46 S.W.3d at 879.

■ To determine whether the report is a good faith effort to give a fair summary of the expert's opinions on the standard of care, breach of that standard, and the causal relationship between the breach and the injury, we must consider the nature of a claim for failure to disclose the risks of medical treatment, commonly referred to as a claim for lack of informed consent. In a health care liability claim based on the failure to disclose the risks of treatment, "the only theory on which recovery may be obtained is that of negligence in failing to disclose the risks or hazards that could have influenced a reasonable person in making a decision to give or withhold consent." TEX. CIV. PRAC. & REM.CODE ANN. § 74.101 (Vernon 2005). The Medical Liability and Insurance Improvement Act (Act) created the Texas Medical Disclosure Panel to determine which risks related to medical care and procedures must be disclosed by physicians and health care providers and the form and substance of such disclosure. *Id.* §§ 74.102(a), 74.103(a).

The panel publishes two lists of medical treatments and procedures: List A includes those requiring specific disclosures; and List B includes those requiring no disclosure. *See Earle v. Ratliff,* 998 S.W.2d 882, 891 (Tex.1999); *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 74.103.[1] If a treatment or procedure is not on either list, the duty is to disclose the risks or hazards that could have influenced a reasonable person in making a decision to give or withhold consent. TEX. CIV. PRAC. & REM.CODE ANN. § 74.106(b); *Binur v. Jacobo,* 135 S.W.3d 646, 654 (Tex.2004); *Peterson v. Shields,* 652 S.W.2d 929, 931 (Tex. 1983) (explaining that in such cases, expert testimony should show the risk is inherent in the medical procedure and knowledge of the risk could influence a reasonable person in making a decision to consent to the procedure).

■ Although the Act imposes the duty to disclose, lack of informed consent cases are based on negligence. *See McKinley v. Stripling,* 763 S.W.2d 407, 409–10 (Tex. 1989) ("It is clear from the language of this statute that an action alleging a physician's failure to obtain a patient's informed consent is a suit based on negligence."). In *McKinley,* the supreme court considered

---

1. Reconstruction or plastic surgery of the face and neck is a List A procedure requiring the following disclosures:

    (i)(2) Reconstruction and/or plastic surgical operations of the face and neck.

      (A) Worsening or unsatisfactory appearance.

      (B) Creation of several additional problems.

      (i) Poor healing or skin loss.

      (ii) Nerve damage.

      (iii) Painful or unattractive scarring.

      (iv) Impairment of regional organs, such as eye or lip function.

      (C) Recurrence of the original condition. 25 TEX. ADMIN. CODE § 601.2(i)(2) (2007) (Tex. Med. Disclosure Panel).

whether proximate cause remained a requirement for lack of informed consent cases under the Act. *Id.* There, the jury found the particular risks were inherent in the hand surgery performed on the plaintiff and those risks could influence a reasonable person in deciding to consent to the procedure. *Id.* at 408 n. 2. The defendant objected to the absence of an issue on proximate cause, but the plaintiff argued no independent issue on proximate cause was required under the Act. *Id.* at 408. The supreme court disagreed, stating: "An issue on proximate causation must be submitted as in ordinary negligence cases so the jury may determine whether any breach of duty caused the injuries suffered. To hold otherwise would amount to an imposition of strict liability wherein a failure to warn and an undesirable surgical result would automatically create liability on the doctor." *Id.* at 409.

*McKinley* also explained that the issue must be framed objectively, not subjectively: "The inquiry must be whether a reasonable person, not a particular plaintiff, would have refused the treatment or procedure had he been fully informed of all inherent risks which would influence his decision.... Only in this way may a plaintiff establish that the failure to obtain informed consent was a proximate cause of his injuries." *McKinley,* 763 S.W.2d at 410 (citations omitted).

■ Proximate cause in lack of informed consent cases requires proof that had the risk been disclosed, a reasonable person in the same or similar circumstances would have refused the treatment or procedure, and the injury complained of was caused in fact by the undisclosed risk. *See McKinley,* 763 S.W.2d at 410; *Greene v. Thiet,* 846 S.W.2d 26, 31, 36–37 (Tex. App.-San Antonio 1992, writ denied) (describing causation element as whether a reasonable person in the same or similar circumstances would have refused treat-

ment if informed of the undisclosed risks and whether the plaintiff was injured by the occurrence of the undisclosed risk).

We now apply these standards in considering whether the trial court abused its discretion in concluding the expert report satisfied the statutory requirements. Dr. Adams's expert report states in relevant part:

Ms. Brewer stated and what is documented in the records was "evaluated by a surgical technician on March 21, 2005, history and physical taken, deposit taken, advised of the risks and benefits and scheduled for surgery." A surgical preprinted workup, standard consent, and "form" operative note are dated May 11, 2005. Post operative notes by a surgical technician note suture removal and statement that patient is "happy" is noted to be dated May 11, 2005. On May 27, 2005 an additional note is made that the patient is "concerned" and there is a "fair amount of relaxation." I believe the note reflects "will need revision." The last surgical "consultation" note reveals that the surgical incision appeared to be inflamed and Ms. Brewer was started on Keflex and wound care. I find no further records from the "surgical center" to review, nor do I find any records written by Dr. Standefer concerning preoperative, operative or postoperative care. Additionally, I do not find that Dr. Standefer obtained, advised or consented Ms. Brewer for the surgical procedure with the known risks of immediate failure or the need for further reconstructive surgery.

*Commentary and Summary Statement*

From the available medical records and attached legal documentation, it is my medical opinion that Ms. Brewer fell victim to, what is rampant in our surgical field, of commercial surgery. She was not a surgical candidate for the operation, nor was she properly advised

by the surgeon of the potential risks and complications of the procedure. A history and physical, preoperative evaluation and consent by a "surgical technician" are not the standards of care, nor is the fleecing of an uninformed patient an acceptable standard in the practice of medicine and surgery. Therefore, based upon the medical records I have reviewed, the actions of Dr. Standefer ... failed to meet the standard of care and harmed Ms. Brewer by advising "a simple" but failed facelift.

█ Standefer's second issue contends the report does not contain a good faith effort to provide a fair summary of the expert's opinion on causation. We agree. The report does not show how the alleged negligence in failing to disclose the risk of failure or possible need for further reconstructive surgery caused Brewer's injury or damage.[2] Specifically, the report does not discuss whether a reasonable person would have declined the procedure had they been fully informed of the risks required to be disclosed. *See McKinley,* 763 S.W.2d at 410; *Greene,* 846 S.W.2d at 31. Statements that Brewer was not a surgical candidate for the procedure or that she was harmed by being advised to undergo "a simple" but failed face-lift are not sufficient to show causation in a lack of informed consent case. *See Binur,* 135 S.W.3d at 655–56 (explaining that misdiagnosis and mistreatment might constitute negligence, but do not give rise to a claim for lack of informed consent).

█ We conclude the expert report does not represent a good faith effort comply with the requirements of subsection 74.351(r)(6) and the trial court abused its discretion in finding the report adequate

and denying Standefer's motion to dismiss. We sustain Standerfer's second issue and need not address the remaining issues. Tex.R.App. P. 47.1. Because the report—though deficient—was timely served and Brewer requested an extension of time to cure any deficiency in her response, we conclude the trial court should have the opportunity to consider whether to grant a 30–day extension under subsection 74.351(c). *See* Tex. Civ. Prac. & Rem.Code Ann. § 74.351(c); *Mallat v. Reeves,* 238 S.W.3d 874, 881 (Tex.App.-Dallas 2007, no pet.).

We reverse the trial court's order denying Standefer's motion to dismiss and remand for further proceedings.

---

**2.** We do not suggest there is any duty to disclose risks or hazards other than those identified by the disclosure panel for list A procedures. *See Earle,* 998 S.W.2d at 891 (Act does not permit "finding that a physician who made disclosures as prescribed by the Panel was negligent for not disclosing other risks and hazards associated with the recommended procedure").