Mark S. GREENBERG, M.D. and All–Star Orthopaedics and Sports Medicine, P.A., Appellants,

v.

Carol GILLEN, Appellee.

No. 05–07–01485–CV.

Court of Appeals of Texas, Dallas.

April 23, 2008.

Rehearing Overruled June 24, 2008.

David M. Walsh, IV, Chamblee & Ryan, P.C., Dallas, for Appellants.

Scott Robelen, Bailey & Galyen, PC, Dallas, for Appellee.

Before Justices MOSELEY, FRANCIS, and LANG.

## OPINION

Opinion By Justice MOSELEY.

Carol Gillen filed a health care liability claim against appellants Mark S. Greenberg, M.D. and All–Star Orthopaedics and Sports Medicine, P.A. Within the statutory time period, she filed and served the expert report and curriculum vitae of William B. Stetson, M.D. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a) (Vernon Supp. 2007). Appellants timely filed objections and a motion to dismiss claiming the report failed to satisfy the statutory requirements for an expert report. *See id.* § 74.351(r)(6). Gillen filed a response, but did not request an extension of time to cure a deficiency in the report. *See id.* § 74.351(c). After a hearing the trial court denied appellants' motion. Appellants then filed this accelerated interlocutory appeal complaining of the trial court's ruling. *See id.* § 51.014(9) (Vernon Supp. 2007). Gillen did not file a brief on appeal.

For the reasons set forth herein, we conclude Stetson's report fails to support the causation element of Gillen's claim, and thus that the trial court abused its discretion in denying appellants' motion to dismiss.

■ We review the trial court's determination on a motion to dismiss a health care liability claim for abuse of discretion under well-known standards. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 875 (Tex.2001) (discussing former article 4590i); *see Cayton v. Moore,* 224 S.W.3d 440, 444 (Tex.App.-Dallas 2007, no pet.). The report must provide a fair summary of the expert's opinion as to each of the statutory elements of standard of care, breach, and causation. TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(r)(6). To represent an objective good faith effort to comply with these requirements, the report must (1) inform the defendant of the specific conduct the plaintiff has called into question, and (2) provide a basis for the trial court to conclude that the claims have merit. *Palacios,* 46 S.W.3d at 879.

Gillen alleged she sought arthroscopic elbow surgery from Greenberg and suffered the loss of ulnar nerve function due to nerve dissection as a result of the surgery. She alleged appellants were negligent and they failed to adequately disclose the risks involved in the surgery, including nerve damage, and had they done so she would not have consented to the surgery.

■ Appellants' motion sought dismissal of the entire case because the report was inadequate. The expert report only addresses the alleged failure to obtain informed consent. Thus, as to any other theory of liability, no expert report was filed within the statutory deadline. TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a). Therefore, we address the adequacy of the report on the lack of informed consent claim.

■ In health care liability claims based on lack of informed consent, "the only theory on which recovery may be obtained is that of negligence in failing to disclose the risks or hazards that could have influenced a reasonable person in making a decision to give or withhold consent." TEX. CIV. PRAC. & REM.CODE ANN. § 74.101 (Ver-

non 2005). In such cases there are two separate parts to the causation analysis: (1) whether a reasonable person could have been influenced to decide to give or withhold consent by being informed of the risks or hazards that were not disclosed; and (2) whether the injury complained of was caused in fact by the undisclosed risk. *Baylor Univ. Med. Ctr. v. Biggs*, 237 S.W.3d 909, 922 (Tex.App.-Dallas 2007, pet. filed).

> Stetson's report states in relevant part: Permanent nerve damage and/or nerve palsy is a known, substantial risk of such a surgery. Ms. Gillen suffered such an injury to the ulnar nerve during the surgery as a result of one or more surgical instruments used by Dr. Greenberg. Before undertaken [sic] such a surgery, the standard of care for such treatment requires the surgeon to fully explain all known substantial risks of the treatment to the patient and discuss possible alternative treatments, including no treatment at all. Only then can a patient give an informed consent to the procedure.
>
> I did not see any documentation in the medical records furnished to me that Dr. Greenberg ever discussed the risks and benefits of the surgery performed on August 24, 2005. In terms of medical record keeping, the general rule is that if it is not in the record it did not occur. Ms. Gillen also confirmed that she never had a discussion with Dr. Greenberg about the risks and benefits of the procedure, and thus never gave an informed consent to the treatment.
>
> It is my opinion that by failing to discuss the risks and benefits of the procedure, as well as alternative treatment options, and thus failing to obtain Ms. Gillen's informed consent for the procedure, Dr. Greenberg's treatment of this patient fell below the standard of care.

If Ms. Gillen elected not to have the surgery, she would not have sustained the nerve injury. Therefore, Dr. Greenberg's violation of the standard of care was a cause of Ms. Gillen's injury.

Stetson's report merely states the obvious fact that if Gillen had elected not to have the surgery she would not have been injured. *See Palacios*, 46 S.W.3d at 879 (mere conclusions about standard of care, breach, and causation do not fulfill two purposes of expert report). It does not show how the alleged negligence in failing to obtain informed consent caused Gillen's injury or damage. Specifically, the report does not discuss whether the alleged undisclosed information would have influenced a reasonable person in deciding whether to give or withhold consent. *See Biggs*, 237 S.W.3d at 923 ("standard is whether a reasonable person, not [the plaintiff], could have been influenced by information about the donor's condition").

We conclude the expert report does not represent a good faith effort to comply with the requirements of subsection 74.351(r)(6) and the trial court abused its discretion in denying appellants' motion to dismiss. We sustain appellants' first issue and need not address the second issue. TEX.R.APP. P. 47.1.

Because Gillen did not request an extension of time to file a report, we reverse the trial court's order and remand for the limited purpose of determining appellants' reasonable attorneys' fees and costs and entry of a final order dismissing the claim with prejudice. TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(b).