Opinion issued October 14, 2010

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00072-CV

———————————

Quan Tien, Appellant

V.

John J.
Alappatt, M.D.,
Appellee



 



 

On Appeal from the 164th District Court

Harris County, Texas



Trial Court Case No. 0942307

 



 

MEMORANDUM OPINION

Appellant, Quan Tien,
challenges the trial court’s order dismissing his health-care-liability claim
against appellee, John J. Alappatt, M.D., because of his failure to provide an
expert report as required by Chapter 74 of the Texas Civil Practice and
Remedies Code (“the Act”).  See Tex. Civ.
Prac. & Rem. Code
Ann. § 74.351 (Vernon 2005 &
Supp. 2010).  In his sole issue, Tien
contends that, because his action was based solely on Alappatt’s alleged
failure to disclose the risks and hazards involved in a surgical procedure, he
was not required to file an expert report pursuant to section 74.351 of the Act.  

We affirm.

BACKGROUND

          In July 2007, Alappatt attempted
to perform a pan-retinal photocoagulation (“PRP”) on both of Tien’s eyes.  Tien alleged that Alappatt did not tell Tien
that he could have a loss of vision from the PRP procedure, that Alappatt did
not have Tien sign anything to let him know that he could have a loss of vision
from the PRP procedure, and that Tien did not know that he could have a loss of
vision from the PRP procedure.  Prior to
the PRP procedure, Alappatt administered a retrobulbar injection to anesthetize
Tien’s right eye.  Due to complications that
Tien had from the injection, Alappatt was unable to perform the PRP
procedure.  

Tien alleged that he lost all
vision in his right eye when the injection was administered.  Tien sought recovery for the injuries that he
sustained as a result of the retrobulbar injection.  Tien filed a Chapter 74 expert report as
required for health-care-liability claims under section 74.351 of the Act.  Alappatt
subsequently filed a motion to dismiss, alleging that the report was
insufficient.  The trial court held that
the expert report was insufficient.  It granted
the motion to dismiss, and it dismissed the claims against Alappatt with
prejudice.  

EXPERT REPORT

A.      Standard of Review

We review the trial court’s decision on a section 74.351 motion to dismiss for abuse of discretion.  Am. Transitional Care Ctrs. of Tex.,
Inc. v. Palacios, 46 S.W.3d 873, 878
(Tex. 2001).
 A trial court
abuses its discretion if it acts in an arbitrary or unreasonable manner without
reference to any guiding rules or principles.  Walker v. Gutierrez, 111 S.W.3d
56, 62 (Tex. 2003).  When we review matters within the trial court’s
discretion, we may not substitute our own judgment for that of the trial court.
 Bowie Mem’l Hosp. v. Wright,
79 S.W.3d 48, 52 (Tex. 2002).  The trial court does not abuse its discretion
merely because it decides a discretionary matter differently from the way we
would in similar circumstances. Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241–42 (Tex. 1985).

B.      Expert Report Requirements

Section 74.351 of the Civil
Practice and Remedies Code requires a claimant in a health-care-liability claim
to serve on each party or the party’s attorney one or more expert reports, with
the curriculum vitae of each expert listed in the report.  Tex.
Civ. Prac. & Rem. Code § 74.351(a); Rivenes v. Holden, 257 S.W.3d 332, 336 (Tex. App.—Houston [14th
Dist.] 2008, pet. denied).  An expert
report is a written report by an expert that provides a fair summary of the
expert’s opinions regarding the applicable standard of care, the manner in
which the care rendered by the physician or health care provider failed to meet
the standard, and the causal relationship between that failure and the injury,
harm, or damage claimed.  Tex. Civ. Prac. & Rem. Code §
74.351(r)(6); Scoresby v. Santillan,
287 S.W.3d 319, 321 (Tex. App.—Fort Worth 2009, no pet.).  Although a report need not marshal all of a
claimant’s proof, it must include the expert’s opinion on each of the elements
identified in section 74.351.  Scoresby, 287 S.W.3d at 321 (citing Palacios, 46 S.W.3d at 878).  

Section 74.351(b) states that if an
expert report has not been served within the 120-day period, the court, on the
motion of the affected physician or health-care provider, shall—subject to an extension of time for a deficient
report—enter an order that (1)
awards to the physician or health care provider reasonable attorney’s fees and
costs of court incurred by the physician or health care provider and (2)
dismisses with prejudice the claim with respect to the physician or health care
provider.  Tex. Civ. Prac. & Rem. Code § 74.351(b), (c); Scoresby, 287 S.W.3d at 321 (citing Badiga v. Lopez, 274 S.W.3d 681, 683
(Tex. 2009)).  Section 74.351(b) makes
clear that dismissal is mandatory and extensions are prohibited if no report—as opposed to a merely deficient report—is served within the 120-day deadline imposed
by section 74.351(a).  Tex. Civ. Prac. & Rem. Code §
74.351(b); Scoresby, 287 S.W.3d at
322 (citing Ogletree v. Matthews, 262
S.W.3d 316, 319–20 (Tex.
2007)).  If a timely served document
intended by a claimant to be an expert report is determined by the trial court
to be deficient in complying with statutory requirements, the trial court has
discretion to either dismiss the claim or grant one 30-day extension to the
claimant in order to cure the deficiency. 
Tex. Civ. Prac. & Rem. Code § 74.351(c);
Scoresby, 287 S.W.3d at 322.  

          Tien
does not argue that the report he submitted was in fact sufficient; rather, he
contends that he did not need to submit any expert report at all.  He directs our attention to sections 74.106
and 74.102 of the Act.  Section 74.106 provides
that, in a health-care-liability claim, the 

failure
to disclose the risks and hazards involved in any medical care or surgical procedure
required to be disclosed . . . shall be admissible in evidence and shall create
a rebuttable presumption of a negligent failure to conform to the duty of
disclosure . . . and this presumption shall be included in the charge to the
jury . . . .

 

Tex. Civ. Prac. & Rem. Code § 74.106(a)(2) (Vernon 2005). 
Section 74.102 created the Texas Medical Disclosure Panel to determine
the surgical procedures for which the risks and hazards involved must be
disclosed.  See id. §§ 74.102, 74.103.  
Tien argues that, because the PRP procedure is a retinal and glaucoma surgery that
the Panel determined required disclosure, no expert report is required and that
a rebuttable presumption is thereby created that Alappatt was negligent by
failing to disclose the risks.  Furthermore,
Tien contends that an expert report is not required because obtaining informed
consent from a patient is an administrative procedure, not a medical procedure.

          Appellant’s
arguments are without merit.  The Texas
Supreme Court has held that an action alleging a physician’s failure to inform
a patient fully of the risks of surgery is a negligence claim governed by the
procedural requirements of the Act.  McKinley v. Stripling, 763 S.W.2d 407,
409–10 (Tex. 1989).  Expert testimony is
necessary, even in a failure-to-disclose action, because, as the Texas Supreme
Court has explained, proximate cause remains an issue that must be proven by a plaintiff
in such a case:

Traditional
notions of liability in negligence actions require a finding of a duty, a
breach of that duty, the breach was a proximate cause of injuries, and that
damages occurred . . . A medical procedure informed consent case does not
differ merely because a statute imposes the duty of disclosure.  An issue of proximate causation must be
submitted as in ordinary negligence cases so the jury may determine whether any
breach of duty caused the injuries suffered. 
To hold otherwise would amount to an imposition of strict liability
wherein a failure to warn and an undesirable surgical result would
automatically create liability on the doctor.

 

Id. at 409; see Palacios, 46 S.W.3d at 876 (“Texas
courts have long recognized the necessity of expert testimony in
medical-malpractice cases.”).  

In his brief, Tien cites
two cases for the proposition that no expert report is needed when the
rebuttable presumption arises.  However,
neither applies to the present case.  The
court in Winkle v. Tullos held that
expert testimony is not necessary to establish the standard of care because
that standard is provided by statute. 
917 S.W.2d 304, 313 (Tex. App.—Houston [14th Dist.] 1995, writ
denied).  The Winkle court did not speak to the need for expert testimony
regarding causation, and establishing causation is an issue in this case.  Id.  The court in Binur v. Jacobo held that expert testimony was required when no
presumption was established by the Act, but it does not, as Tien suggests, stand
for the inverse proposition that such testimony is not required when a presumption
does exist.  135 S.W.3d 646, 654 (Tex.
2004).

          The
Act defines “health care liability claim” as a cause of action against a health-care
provider or physician for treatment, lack of treatment, or other claimed
departure from accepted standards of medical care or health care or safety that
proximately results in injury to or death of the patient, whether the patient’s
claim or cause of action sounds in tort or contract.  Tien’s action against Alappatt falls within
this definition, and Tien was required to comply with section 74.351.  Because causation was an issue to be
determined in Tien’s cause of action, section 74.106 did not relieve him of
timely filing the required expert report.[1]  In addition, obtaining informed consent was
part of the medical procedure and not a separable, administrative, or
non-medical matter that the jury was competent to adjudge without considering
expert testimony.  See Golden Villa Nursing
Home, Inc. v. Smith, 674 S.W.2d 343, 349 (Tex. App.—Houston [14th Dist.]
1984, writ ref’d n.r.e).

          We
conclude that Tien’s failure to file a sufficient expert report within 120 days
of filing his lawsuit left the trial court with the discretion to dismiss his
suit with prejudice.  See Palacios, 46 S.W.3d at 880.  Accordingly, we hold that the trial court did
not abuse its discretion in dismissing appellant’s lawsuit.

RULE 45 SANCTIONS

In his brief, Alappatt contends that Tien’s
appeal is frivolous and requests monetary sanctions.  Rule 45 of the Texas Rules of Appellate Procedure permits an appellate court to award a prevailing
party “just damages” for a “frivolous” appeal.  Tex. R. App. P. 45; Smith v. Brown, 51 S.W.3d 376, 380 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).  In determining whether an appeal is frivolous,
we apply an objective test.  Smith, 51 S.W.3d at 381.  We review the
record from the viewpoint of the advocate and ask whether the advocate had
reasonable grounds to believe the judgment could be reversed.  Id.  We exercise prudence and caution and
deliberate most carefully before awarding appellate sanctions.
 Id.



After reviewing the record and the arguments presented by the
parties to the trial court and in their appellate briefs, we hold that Tien’s
appeal is not frivolous. Therefore, we deny Alappatt’s motion for sanctions.

CONCLUSION

          We
affirm the judgment of the trial court.

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Higley and Massengale.

 











[1]
          Tien cites Vaughan v. Nielson for the proposition that there is no need for an
expert report as long as the facts of the case evidence causation.  See 274
S.W.3d 732, 739 (Tex. App—San
Antonio 2008, no pet.).  Although the Vaughan court emphasized that a
plaintiff must establish causation, it did not dispense the requirement that
causation be established through an expert report.