**AFFIRMED; Opinion Filed March 26, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00749-CV

**THELMA HACKWORTH AND CARYL NEAL, AS NATURAL PARENTS/SURVIVORS FOR CARYLETTE DESHUN NEAL, DECEASED, Appellants**

**V.**

**FRESENIUS MEDICAL CARE NORTH AMERICA, D/B/A/ FRESENIUS SOUTH OAK CLIFF DIALYSIS CENTER; AND JANE/JOHN DOE, INDIVIDUALLY, AND AS OWNERS'/EMPLOYEES' OF FRESENIUS MEDICAL CARE NORTH AMERICA, D/B/A/ SOUTH OAK CLIFF DIALYSIS CENTER, Appellees**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-16081**

## MEMORANDUM OPINION
Before Justices Bridges, Partida-Kipness, and Carlyle
Opinion by Justice Partida-Kipness

Appellants Thelma Hackworth and Caryl Neal, as natural parents/survivors for Carylette

DeShun Neal appeal the trial court's granting of the motion to dismiss filed by appellees Fresenius

Medical Care North America d/b/a Fresenius South Oak Cliff Dialysis Center and Jane/John Doe,

individually and as owners/employees of Fresenius Medical Care North America d/b/a South Oak

Cliff Dialysis Center (collectively, "Fresenius").

## BACKGROUND

On January 9, 2013, Carylette DeShun Neal signed an "Informed Consent for

Hemodialysis Treatment." On November 27, 2015, Carylette received dialysis at the South Oak

Cliff Dialysis Center. Following dialysis, Carylette had a "seizure like episode with an apneic period lasting 10-15 seconds." Paramedics were called and they described Carylette as "not coherent with significant bleeding from a busted (sic) shunt." Carylette was transferred to Methodist Dallas Medical Center where it was discovered that she had suffered bilateral hip fractures from the fall at the dialysis center. Carylette underwent surgery for the hip fractures and was eventually discharged to a rehabilitation facility.

On November 21, 2017, Carylette filed a petition against Fresenius alleging claims for negligence, negligence per se, negligent hiring and retention, and respondeat superior. Following Carylette's death on January 20, 2018, her parents (Thelma Hackworth and Caryl Neal) filed an amended petition against Fresenius as the natural parents and survivors of Carylette.

On April 25, 2018, Fresenius filed a motion to dismiss because plaintiffs failed to serve an expert report and curriculum vitae as required by Chapter 74 of the Texas Civil Practice and Remedies Code (the Act). The trial court granted the motion to dismiss. Hackworth and Neal then filed this appeal.

## ANALYSIS

In their sole issue, appellants argue that the trial court erred in dismissing their claims because an expert report is not required in a medical malpractice case based solely on a cause of action for a physician's alleged failure to disclose the risks and hazards of medical care. We disagree.

### A. Standard of Review

An appellate court reviews a trial judge's decision on a motion to dismiss a claim under section 74.351 of the Texas Civil Practice and Remedies Code for an abuse of discretion. *See Wilson N. Jones Mem'l Hosp. v. Ammons*, 266 S.W.3d 51, 55 (Tex. App.—Dallas 2008, pet.

–2–

denied).  A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles.  *Id.*

**B.**     **Health Care Liability Claim**

A plaintiff who files a health care liability claim must file an expert report within 120 days of filing suit.  *See* TEX. CIV. PRAC. & REM. CODE § 74.351(a).  An expert report must provide the expert's opinion as to the applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the claimed injury.  *Id.* § 74.351(r)(6).  If the claimant does not provide an expert report as required, the trial court shall, upon motion by the defendant, dismiss the claim with prejudice.  *Id.* § 74.351(b).

**C.**     **Informed Consent Case**

The sole issue presented on appeal is whether a Chapter 74 expert report is required in an informed consent case.  Appellants argue that their informed consent claim was not subject to the expert report requirements of Section 74.351(a) because of the presumption applicable to such a claim under Section 74.106(a)(2):

> (a) In a suit against a physician or health care provider involving a health care liability claim that is based on the negligent failure of the physician or health care provider to disclose or adequately disclose the risks and hazards involved in the medical care or surgical procedure rendered by the physician or health care provider:

> (2) failure to disclose the risks and hazards involved in any medical care or surgical procedure required to be disclosed under Sections 74.104 and 74.105 shall be admissible in evidence and shall create a rebuttable presumption of a negligent failure to conform to the duty of disclosure set forth in Sections 74.104 and 74.105, and this presumption shall be included in the charge to the jury; but failure to disclose may be found not to be negligent if there was an emergency or if for some other reason it was not medically feasible to make a disclosure of the kind that would otherwise have been negligence.

*See* TEX. CIV. PRAC. & REM. CODE § 74.106(a)(2).  Appellants argue that expert reports are unnecessary in cases when disclosures are required.[1]

We disagree with appellants' argument for several reasons.  First, the Texas Supreme Court has held that an action alleging a physician's failure to inform a patient fully of the risks of surgery is a negligence claim governed by the procedural requirements of the Act.  *McKinley v. Stripling*, 763 S.W.2d 407, 409–10 (Tex. 1989) (addressing TEX. REV. CIV. STAT. art. 4590i, the predecessor statute to the Act).  Expert testimony is necessary, even in a failure-to-disclose action, because proximate cause remains an issue that must be proven by a plaintiff in such a case:

> Traditional notions of liability in negligence actions require a finding of a duty, a breach of that duty, the breach was a proximate cause of injuries, and that damages occurred. A medical procedure informed consent case does not differ merely because a statute imposes the duty of disclosure.  An issue on proximate causation must be submitted as in ordinary negligence cases so the jury may determine whether any breach of duty caused the injuries suffered. To hold otherwise would amount to an imposition of strict liability wherein a failure to warn and an undesirable surgical result would automatically create liability on the doctor.

*Id.* at 409 (internal citations omitted).  In addition, there is a considerable amount of case law from this Court stating that an "allegation of lack of informed consent requires an expert report setting forth the standard of care, how the standard of care was breached, and how the injury complained of was caused by the undisclosed risk."  *See Peloza v. Cuevas*, 357 S.W.3d 200, 204 (Tex. App.—Dallas 2012, no pet.); *see also Hollingsworth v. Springs,* 353 S.W.3d 506, 522 (Tex. App.—Dallas 2011, no pet.); *Greenberg v. Gillen*, 257 S.W.3d 281, 283 (Tex. App.—Dallas 2008, pet. dismissed); *Baylor Univ. Med. Ctr. v. Biggs,* 237 S.W.3d 909, 922 (Tex. App.—Dallas 2007, pet. denied).

---

[1] We note that appellants have not cited any case law in support of their assertion that the rebuttable presumption described in section 74.106(a)(2) creates an exception to the statutory requirement that a plaintiff in a health care liability case must serve an expert report.

Further, we note that the principles of *McKinley* have been specifically applied to a required disclosure claim raised under section 74.106(a)(2). *See Tien v. Alappatt*, No. 01-10-00072-CV, 2010 WL 4056850, *2–3 (Tex. App.—Houston [1st Dist.] Oct. 14, 2010, pet. denied) (mem. op.). In *Tien*, the patient received an injection from a doctor to anesthetize his right eye prior to a scheduled pan-retinal photocoagulation (PRP procedure). *Id*. at *1. The doctor did not advise the patient or have him sign anything to let him know that he could have a loss of vision from the procedure. *Id.* The patient allegedly lost all vision in his right eye when the injection was administered and filed a health care liability claim against the doctor. *Id.* He filed an expert report but the doctor alleged that it was insufficient and filed a motion to dismiss. *Id.* On appeal, the appellant argued that he did not need to submit an expert report at all because the PRP procedure "is a surgery that the Panel determined required disclosure, no expert report is required and that a rebuttable presumption is thereby created that [the doctor] was negligent by failing to disclose the risks." *Id.* at *3. The First District Houston Court of Appeals concluded that because "causation was an issue to be determined in Tien's cause of action, section 74.106 did not relieve him of timely filing the required expert report" and held that the trial court did not abuse its discretion in dismissing the lawsuit. *Id.* Similar to *Tien*, appellants in this case assert that no expert report is needed because Carylette's medical procedure required certain disclosures. As in *Tien*, proximate cause is an issue in this case that must be proven by the plaintiff. *Id.*; *McKinley*, 763 S.W2d at 409. As causation was an issue to be determined in Carylette's cause of action, appellants were not relieved from timely filed an expert report in this case.

We note one additional distinction in this case in support of our conclusion—Carylette did sign an extensive informed consent for her hemodialysis.[2] Although the pleadings describe the

---

[2] The informed consent for hemodialysis treatment included an acknowledgement of the following risks: low blood pressure, high blood pressure, significant blood loss, air embolisms, hemolysis, graft/fistula infiltrations,

complications which arose from Carylette's dialysis treatment, they do not specify which specific risk was not disclosed to her. Without an expert report clarifying which risk was not disclosed to Carylette and how that lack of disclosure lead to an injury, appellants have failed to comply with the requirements of Section 74.351(a).

For these reasons, we overrule appellants' sole issue.

## CONCLUSION

On the record of this case, we affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

180749F.P05

---

infections, chemical imbalances and metabolic disorders, decreased blood flow to limbs, decreased blood flow through access, allergic reactions, pyrogenic reactions, hyperkalemia, hypokalemia, and loss of amino acids/protein.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THELMA HACKWORTH AND CARYL NEAL, AS NATURAL PARENTS I SURVIVORS FOR CARYLETTE DESHUN NEAL, DECEASED, Appellants

No. 05-18-00749-CV       V.

FRESENIUS MEDICAL CARE NORTH AMERICA, D/B/A/ FRESENIUS SOUTH OAK CLIFF DIALYSIS CENTER; AND JANE/JOHN DOE, INDIVIDUALLY, AND AS OWNERS'/EMPLOYEES' OF FRESENIUS MEDICAL CARE NORTH AMERICA, D/B/A/ FRESENIUS SOUTH OAK CLIFF DIALYSIS CENTER, Appellees

On Appeal from the 14th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-17-16081.
Opinion delivered by Justice Partida-Kipness. Justices Bridges and Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees FRESENIUS MEDICAL CARE NORTH AMERICA, D/B/A/ FRESENIUS SOUTH OAK CLIFF DIALYSIS CENTER; AND JANE/JOHN DOE, INDIVIDUALLY, AND AS OWNERS'/EMPLOYEES' OF FRESENIUS MEDICAL CARE NORTH AMERICA, D/B/A/ FRESENIUS SOUTH OAK CLIFF DIALYSIS CENTER recover their costs of this appeal from appellants THELMA HACKWORTH AND CARYL NEAL, AS NATURAL PARENTS I SURVIVORS FOR CARYLETTE DESHUN NEAL, DECEASED.

Judgment entered this 26th day of March 2019.